United States Department of the Interior
OFFICE OF HEARINGS AND APPEALS
Departmental Hearings Division
405 South Main Street, Suite 400
Salt Lake City, Utah 84111
TELEPHONE (801) 524-5344

May 2, 2007

**ORDER**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CACA 41272 |
| | ) | |
| Contestant | ) | Involving the |
| | ) | Sunrise (CAMC 167529) |
| v. | ) | Six O'Clock (CAMC 167538) |
| | ) | lode mining claims, and the |
| FRED ALOISI, et al., | ) | Sunset (CAMC 167530) |
| | ) | Yankee (CAMC 167544) |
| Contestees | ) | Compressor (CAMC 167546) |
| | ) | East Fork (CAMC 167545) |
| | ) | placer mining claims, all situated in Secs. |
| | ) | 9 & 10, T 39 N., R. 11 W., Mt. Diablo |
| | ) | Meridian, Siskiyou County, California |

**DENYING GOVERNMENT MOTIONS**

## I. Introduction

The complaint in this Government contest seeks to have six unpatented mining claims declared null and void for failure to discover a valuable mineral deposit. The Government brings this matter before me on two motions. In the first motion, the Government seeks to identify two dates for determining whether the claims were valid so that the results may be used in a temporary takings action filed by the Contestees (referred to collectively as the "Aloisi Group") in the United States Court of Claims. In the second motion, the Government seeks to have some of the claims declared void (1) because they overlap previously located claims, or (2) because the alleged discovery of a valuable mineral consists of waste rock from an unknown source.

I can grant neither motion. The first motion seeks a determination which the complaint does not ask for and which this office does not have authority to provide. The determination the Government seeks amounts to an advisory opinion because the determination will not discharge any identifiable administrative responsibility. Because this office has no authority to make advisory opinions, I must deny the motion.

The second motion also seeks to determine an issue not raised in the complaint. The Government's motion seeks to declare some of the claims invalid because the Aloisi Group

improperly located them. But the Government's complaint alleges that the claims are invalid because they do not contain a valid discovery. The complaint makes no allegation that the claims are improperly located. Even if the complaint had made such an allegation, the substantive law does not make a claim invalid simply because it overlaps previously located claims. This is particularly true when the same locator owns all the claims.

Further, factual disputes exist over whether the waste rock on the claims contains a valuable mineral and whether the waste rock originated on or off the claims. I can only resolve these factual disputes after a hearing. Therefore, I must also deny the second motion.

The following discussion will first describe the facts necessary for an understanding of the pending motions. It will next analyze each of the two motions and discuss why I cannot grant either of them.

## II. Background Facts

The Government's contest complaint seeks to have two lode mining claims (Sunrise and Six O'Clock) and four placer mining claims (Sunset, Yankee, Compressor and East Fork) declared void for failure to discover a valuable mineral deposit. The claims are located in an area known as Eddy Gulch in northern California close to the Oregon border. The area was extensively mined from about 1863-1932 and contains old abandoned structures and mine workings.[1]

In April 1985, Fred Aloisi located the lode claims (Sunrise and Six O'Clock), one of the placer claims (Sunset), and several other claims not named in this contest. Two months later, in June, Fred and seven other individuals located the three remaining placer claims (Yankee, East Fork and Compressor).[2]

In September 1995, Fred Aloisi and others filed a civil action in the United States Court of Federal Claims alleging that the United States temporarily interfered with their property rights during the period from approximately 1990 through 1994. The Court of Federal Claims stayedthe

---

[1] *See* Contestees' Resp. to Contestant's March 1 Mots. Ex. 2 (Ferrero Decl.) Ex. E (The Eddy Gulch Group of Mining Properties) 5.

[2] Contestant's Undisputed Facts in Supp. of Mot. to Ident. Relevant Dates to Estab. a Disc. on the Contested Claims and Mot. to Declare Certain Contested Claims Null and Void as a Matter of Law ¶¶ 1-2.

action in 1999 "pending the Interior Board of Land Appeals hearing and decision." This contest proceeding resulted.[3]

III. Discussion

A. Motion to Identify Dates

The Government's first motion seeks an order "directing that the relevant dates for the consideration of mineral prices and price data to demonstrate profitability, or the lack of profitability, for the contest hearing are between July 23, 1990 and February 4, 1994, and the time of the hearing." According to the Government, the dates in 1990 and 1994 determine whether the Aloisi Group had the compensable property right alleged in the court of claims action.

I cannot grant the Government's motion for several reasons. First, the motion asks for a determination of issues not alleged in the complaint. The complaint simply asks that the mining claims be declared null and void[4] and does not specify any particular dates. Under well-established precedent, the allegations would require that the validity be determined as of the date of the hearing.[5] Because the Government's motion asks to declare the claims void in both 1990 and 1994, it exceeds the allegations of the complaint.

Second, even if the complaint had explicitly sought to declare the claims void on the dates asked for in the Government's motion, this office would not have the authority to make such a determination. The regulation authorizing contests simply provides that "[t]he Government may initiate contests for any cause affecting the legality or validity of any . . . mining claim."[6] Even though the regulation states the authority broadly, the Government may not exercise this authority boundlessly.

The Government has historically used contest proceedings for two reasons: (1) to invalidate a claim when a patent application has been filed[7], or (2) to clear the Government's title

---

[3] *See id.*, ¶¶ 5-10.

[4] Compl. 2.

[5] *U. S. v. Crismon,* 34 IBLA 381, 382 (1978).

[6] 43 C.F.R. § 4.451-1 (2006).

[7] *See U. S. v. Whittaker (On Reconsideration)*, 102 IBLA 162, 166-67 (1988).

(e.g., when lands have been withdrawn from entry).[8] Both of these uses discharge an administrative responsibility of the Government.

First, Congress has charged the Department of the Interior, acting through the Bureau of Land Management, with the responsibility for processing applications for patents.[9] If the BLM concludes that the claimant has not satisfied the requirements for a mineral patent, it must afford an opportunity for hearing and a contest provides the appropriate vehicle.[10] Second, the Government also has the right to clear title to public lands by removing "a useless and annoying incumbrance."[11] If the Government desires to clear its title of an unlawful mining claim (for example on land that has been withdrawn), it must again afford the claimant an opportunity for hearing and a contest provides the appropriate method.

The Government has cited no authority for a contest to determine the validity of mining claims for use in a pending civil action. Nor has the Government explained how such a determination would discharge an administrative responsibility. Because the determination requested by the Government will not discharge an administrative responsibility, it amounts to a request for an advisory opinion. Under long-established Department precedent, this office lacks authority to render such opinions.[12]

Even though the parties seem to both agree that I should make the determination they desire, their agreement does not bind this office. The Board of Land Appeals has previously recognized that an administrative law judge may not make findings based on improper stipulations.[13]

Further, refusing to uphold such a stipulation does not violate the principle that the Department of the Interior may not change the nature of a proceeding requested by the

---

[8] *See U. S. v. Mavros*, 122 IBLA 297, 301-02 (1992).

[9] 43 U.S.C § 2 (2000); *Peabody Gold Mining Co. v. Gold Hill Mining Co.*, 111 F. 817, 819 (9th Cir. 1901).

[10] *U. S. v. O'Leary*, 63 I.D. 341, 345 (1956).

[11] *Mulkern v. Hammitt*, 326 F.2d 896, 897 (9th Cir. 1964).

[12] *Tenn. Consol. Coal Co. v. OSMRE*, 99 IBLA 274, 275 (1987).

[13] *See U. S. v. Williamson*, 45 IBLA 264, 276-77 (1980) (parties stipulated that land was withdrawn because the Forest Service had issued a special use permit).

Department of Agriculture.[14] This contest action remains a proceeding to determine whether a valuable mineral deposit exists, but this office must apply the correct law to make the determination. In this circumstance, the law requires a determination on the date of the hearing,[15] not the dates stipulated by the parties.

For all of the reasons described above, I conclude that this office does not have the authority to make the determinations requested by the Government's motion.

I am mindful that the Court of Federal Claims has stayed the civil action "pending the Interior Board of Land Appeals hearing and decision." But, the stay order does not explicitly require any specific findings on whether the claims were valid between any particular dates. A hearing and decision on the pending contest complaint will strictly satisfy the assumption of the court order that a hearing be held and a decision made. Nevertheless, the parties may not find the result useful in the civil court action. The Government's contest, if successful, will clear title to the land covered by the claims effective as of the time of the hearing,[16] more than ten years after the relevant time period (1990 to 1994) alleged in the civil action.

I have also considered the general principle that "[t]he Department of the Interior is . . . entrusted with the function of making the initial determination . . . as to the validity of claims against mineral lands."[17] Nevertheless, where the validity determination is incident or ancillary to its own jurisdiction, the federal courts have made the initial determination.[18] Because a validity determination appears to be ancillary to the Aloisi Group's takings claim, I respectively suggest that the Court of Federal Claims may be the appropriate forum for determining the validity of the claims (or whatever other compensable property rights the Aloisi Group may have had) between the dates of the alleged temporary taking.

The Government's motion in this case illustrates the conflicts that may arise when a executive agency attempts to determine the validity of mining claims for purposes that do not fulfill its responsibilities. The Government asserts that the dates for determination should be July

---

14 *U. S. v. Bergdal*, 74 I. D. 245, 253 (1967).

15 *See U. S. v. Mavros*, 122 IBLA 297, 301-02 (1992).

16 *Id.*

17 *Hoefler v. Babbitt*, 139 F.3d 726, 728 (9th Cir. 1998).

18 *See, e.g., U. S. v. Bagwell*, 961 F.2d 1450, 1454 (9th Cir. 1992) (Government trespass action).

23, 1990 and February 4, 1994.[19] The Aloisi Group now asserts that the beginning date should be in November 1989 and the ending date in September 1995.[20] The choice of these dates requires a finding of what actions resulted in a taking of private property. This office is not a court of general jurisdiction and has no authority to determine violations of constitutional rights or afford relief.[21] Any choice I may make of the relevant dates would infringe upon the jurisdiction of the Court of Federal Claims to make such findings.

In contrast, the dates for determining a claim's validity, when the contest serves to discharge a governmental responsibility, are well-settled. If the Government seeks to invalidate a claim when a patent application has been filed, the relevant date is when the claimant satisfies all requirements for a patent.[22] If the Government seeks to clear title, the relevant date is the date of a withdrawal and the date of hearing.[23] Because no withdrawal has occurred in this case, the relevant date for determining validity in this proceeding is the date of the hearing.

### B. Motion to Declare Claims Null and Void

#### 1. Standard for Decision

In considering the Government's second motion to declare certain claims null and void, I am guided by the standards used in federal courts under Federal Rule of Civil Procedure 56(c). These courts use a two-step process. The judge must first determine if any issue of material fact is in dispute. If the facts are undisputed, the judge may then consider the application of substantive law.

> We * * * examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied. *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir. 1988). When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).

---

[19] Contestant's Mot. to Ident. Relevant Dates to Estab. a Disc. on the Contested Claims 2.

[20] Contestees' Resp. to Contestant's March 1 Mots. 20-23.

[21] *E.g., Frank Robbins and High Island Ranch v. BLM*, 170 IBLA 219, 227 (2006).

[22] *See U. S. v. Whittaker (On Reconsideration)*, 102 IBLA 162, 166 (1988); Sol. Op. "Patenting of Mining Claims and Mill Sites in Wilderness Areas," M-36994 (May 22, 1998).

[23] *See U. S. v. Mavros*, 122 IBLA 297, 301-02 (1992).

However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). [24]

2. Overlapping Claims

a. The Contest Complaint Does Not Allege That the Claims Are Improperly Located

The Government's second motion seeks to declare some of the claims invalid because the Aloisi Group improperly placed them on land not open for location. As with the motion concerning dates, this motion also asks for a determination not asked for in the complaint. The complaint only alleges that "[m]inerals have not been found within the limits of the claim in sufficient quantity or of sufficient quality to constitute a discovery of a valuable mineral deposit" and that "[t]he lands are non-mineral in character."[25] The complaint does not allege the Aloisi Group improperly placed the claims on land not open for location. The Government's motion thus exceeds the allegations of the complaint and therefore presents an irrelevant issue. Because an administrative law judge has authority to exclude irrelevant issues,[26] the Government's motion may be denied.

b. The Substantive Law Does Not Support the Government's Argument

Even if the Government had alleged that the Aloisi Group illegally located the claims on land not open for location, the substantive law does not require a judgment in the Government's favor. The Government asserts that four of the claims (Six O'Clock, Yankee, Compressor, and East Fork) must be declared void *ab initio* because they overlap and were located after other

---

[24] *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

[25] Compl. ¶ 5.

[26] C.F.R. § 4.452-5 (2006). *See Harold Ladd Pierce*, 3 IBLA 29 (1971) (The complaint sets the standard of relevance which governs the proceedings at the hearing, and no issue unrelated to the complaint may be interjected without the implied or expressed acquiescence of the contestee.).

claims. The following table summarizes the undisputed facts related to the Government's assertion.[27]

| Claim Name | Type | Locators | Date of Location |
|---|---|---|---|
| Overlapping Claim (Junior Claim) | | | |
| Six O'Clock | Lode | Fred Aloisi | 4/24/85 |
| Overlapped Claim (Senior Claim) | | | |
| Specimen | Lode | Fred Aloisi | 4/22/85 |
| Buster | Lode | Fred Aloisi | 4/22/85 |
| Overlapping Claim (Junior Claim) | | | |
| Yankee | Placer | Fred Aloisi and seven others | 6/10/85 |
| Overlapped Claim (Senior Claim) | | | |
| Sunset | Placer | Fred Aloisi | 4/21/85 |
| Overlapping Claim (Junior Claim) | | | |
| Compressor | Placer | Fred Aloisi and seven others | 6/10/85 |
| Overlapped Claim (Senior Claim) | | | |
| Big Fish | Lode | Fred Aloisi | 4/22/85 |
| Overlapping Claim (Junior Claim) | | | |
| East Fork | Placer | Fred Aloisi and seven others | 6/10/85 |
| Overlapped Claim (Senior Claim) | | | |
| Big Fish | Lode | Fred Aloisi | 4/22/85 |
| Union | Lode | Fred Aloisi | 4/23/85 |

The Government relies on the proposition that ground covered by a valid claim is not open to location.[28] From this proposition the Government argues that since the Aloisi Group located the four overlapping claims after the first claims, the later located claims must be void from the time of their location.

---

[27] Contestant's Undisputed Facts in Supp. of Mot. to Ident. Relevant Dates to Estab. a Disc. on the Contested Claims and Mot. to Declare Certain Contested Claims Null and Void as a Matter of Law ¶¶ 1 - 2. *See* Contestees' Resp. to Contestant's March 1 Mots. Ex. 1 (Contsetees' Resp. to Contestant's Statement of Undisputed Facts) Responses 1-3 at 2-4.

[28] *Belk v. Meagher*, 104 U.S. 279, 284 (1881); *Becker v. Long*, 196 F. 721, 722 (9th Cir. 1912) (quoting *Swanson v. Sears*, 224 U.S. 180 (1912)).

The Government's proposition states the legal principle too broadly for several reasons. First, authorities have recognized that mere location on the ground does not necessarily create a valid claim and the ground may still be open for another location.[29] Therefore, the fact that Aloisi located claims on top of prior claims does not end the inquiry. The prior claims may not be valid for any number of reasons.

Second, the cases relied upon by the Government all involved overlapping claims by adverse claimants.[30] These holdings, made to resolve conflicts between competing claimants, do not require the same conclusion where the same person locates the overlapping claims, as Aloisi did in this case. The Government has cited no authority that makes later filed claims invalid where the same locators hold both the overlapping and overlapped claims.

Third, the Department of the Interior has long recognized, since at least the decision in *Golden Link Mining, Leasing and Bonding Co.*,[31] that overlapping claims by the same claimant do not necessarily create a conflict. Indeed the overlapping claim may evidence an abandonment of the overlapped portion of the earlier claim.[32]

Fourth, Section 11 of the Mining Law of 1872 expressly recognizes the right of a person to possess a load claim within the boundaries of a placer claim:[33]

> Where the same person, association, or corporation is in possession of a placer-claim, and also a vein or lode included within the boundaries thereof, application shall be made for a patent for the placer-claim, with the statement that it includes such vein or lode, and in such case a patent shall issue for the placer-claim, . . .,

---

29 *Del Monte Mining & Milling Co. v. Last Chance Mining & Milling Co.*, 171 U.S. 55, 77 (1898); 2 *American Law of Mining*, § 36.05 (Cheryl Outerbridge ed., 2d ed. 2006).

30 *Swanson v. Sears*, 224 U.S. 180, 181 (1912) (A location and discovery on land withdrawn by a valid and subsisting mining claim is absolutely void for the purpose of founding a *contradictory* right); *Belk v. Meagher*, 104 U.S. 279, 284 (1881) (A relocator may not locate over *another's claim* until the first claimant has abandoned his claim and left the land open for another to take up); *Becker v. Long*, 196 F. 721, 722 (9th. Cir. 1912) (Defendant's extension over any part of plaintiff's prior valid claim became absolutely void for the purpose of founding a *contradictory* right).

31 29 I.D. 384, 387 (1899).

32 *E.g.*, *Apex & Extralateral Rights Raised by the Stillwater Mineral Patent*, 93 I.D. 370, 383-84 (1986).

33 30 U.S.C. § 37 (2000).

> including such vein or lode, upon the payment of five dollars per acre for such vein or lode claim, and twenty-five feet of surface on each side thereof. The remainder of the placer-claim, or any placer-claim not embracing any vein or lode-claim, shall be paid for at the rate of two dollars and fifty cents per acre, together with all costs of proceedings; . . . .

While the statute admittedly does not deal with the priority of location dates, it necessarily recognizes that the location dates are not relevant when the same person holds both the placer and lode claims. Otherwise, the statute would not provide a procedure for issuing a patent for the two different types of claims when held by the same person. Indeed, a leading modern treatise on mining law expressly recognizes that "[a] placer claim may be located over known lodes, as well as over previously located mining claims."[34]

The following paragraphs analyze the facts of each claim separately and demonstrate that none of the four junior (i.e., overlapping) claims must be declared invalid.

(1) Six O'Clock Lode Claim. Aloisi located both the overlapping lode claim (Six O'Clock) and the overlapped lode claims (Specimen and Buster). Under the principle announced in *Golden Link Mining, Leasing and Bonding Co.*,[35] the overlapping claim may evidence an abandonment by Aloisi of the overlapped portion of the earlier claims.

(2) Yankee Placer Claim. Aloisi and seven additional people located the overlapping placer claim (Yankee) and Aloisi is the sole locator of the overlapped placer claim (Sunset). Similarly, under the principle announced in *Golden Link Mining, Leasing and Bonding Co.*,[36] the overlapping claim may evidence an abandonment by Aloisi and the other locators of the overlapped portion of the earlier claim.

(3) Compressor Placer Claim. Aloisi and the same seven additional people located the overlapping placer claim (Compressor) and Aloisi is the sole locator of the overlapped lode claim (Big Fish). Because Aloisi holds a joint interest in the placer claim and is the sole owner of the lode claim, the situation falls within the provisions of Section 11 of the Mining Law of 1872[37] which allows patenting of both the lode and placer claim.

---

[34] 1 *American Law of Mining*, § 32.05[2] (Cheryl Outerbridge ed., 2d ed. 2006).

[35] 29 I.D. 384, 387 (1899).

[36] *Id.*

[37] 30 U.S.C. § 37 (2000).

(4) East Fork Placer Claim. Aloisi and the same seven additional people located the overlapping placer claim (East Fork) and Aloisi is the sole locator of the overlapped lode claim (Big Fish and Union). As with the above Compressor claim, because Aloisi holds a joint interest in the placer claim and is the sole owner of the lode claim, the situation falls within the provisions Section 11[38] which allows patenting of both the lode and placer claim.

The Government makes several other alternative requests for rulings. First, it argues that if the entire junior overlapping claims cannot be declared void, then the portions of the junior claims overlapping the senior claims should be declared void. The same reasoning used above for the entire claims applies for the overlapping portions. The result may depend upon the intention of the common locator or must await the patent application. Therefore, I must deny the motion on this alternative grounds.

Second, the Government asks for an order "declaring that any evidence submitted regarding that portion of the "Yankee dumps" lying within the boundaries of the [overlapped senior] Sunset placer claim . . . is limited to the relevance of whether the Sunset placer claim has a discovery." The Government apparently seeks to exclude evidence from the "Yankee dump" to prove a discovery on the overlapping junior Yankee placer claim. In response, I decline to rule on the relevancy of this evidence until it is offered at the hearing and the context becomes clear.

Third, the Government asks that if the overlapping portions of the Compressor, Yankee and East Fork placer claims are declared void (in response to its first alternative grounds), then the non-contiguous remaining portions of the same claims must be declared void, citing the principle that a single placer claim must cover contiguous lands.[39] Because the overlapping portions of these claims cannot be declared void, this alternative motion becomes moot.

In summary, the Government's legal argument may have had some relevance if the overlapping claims had been located by competing claimants, but the facts do not present this situation. Since the substantive law does not support the Government's argument where the claims are held in common ownership, I may deny the motion on this alternative grounds.

3. Waste Rock

The Government's second grounds for declaring some of the claims void depends upon disputed factual issues. The Government asserts that a possibility exists that the materials claimed by the Aloisi Group, which it characterizes as waste rock, contain material from

---

[38] *Id.*

[39] 30 U.S.C § 36 (2000); *Stenfjeld v. Espe*, 171 F. 825 (9th Cir. 1909); *W.G. Singleton*, 75 IBLA 168 (1983).

unidentifiable sources.[40] Based on this alleged undisputed fact, the Government argues that any occurrence of gold found within the materials did not come from within the claims but, rather, came from unidentified sources.[41] The Aloisi Group directly challenges this factual assertion with a Declaration of Thomas P. Ferrero.[42]

The Government replies by arguing that the Aloisi Group now attempts to characterize the materials as tailings rather than as waste rock. It argues that because waste rock is not defined as a valuable mineral deposit, the claims should be declared void on this additional ground.[43]

However the parties choose to characterize the materials on the claims, or from whatever source the materials came, the evidence demonstrates a dispute over whether the materials covered by the claims contain a valuable mineral deposit. This dispute creates an issue of material fact that prevents a conclusion that the claims are void as a matter of law. Therefore, I must deny the Government's motion.

## IV. Conclusion and Order

In conclusion, I can grant neither of the Government's two motions. The first motion, to identify dates for determining whether the claims were valid, seeks a declaration which the contest complaint does not ask for and which this office does not have authority to provide. The second motion, to declare that some of the claims were invalidly located, also seeks a declaration that exceeds the allegations of the complaint. But, even if the complaint had stated the allegation, the motion could not be granted because the substantive law does not invalidate claims of a common locator simply because they overlap. Finally, the portion of the second motion asking to declare some of the claims invalid for lack of a discovery cannot be granted because issues of material fact exist.

---

40 Contestant's Undisputed Facts in Supp. of Mot. to Ident. Relevant Dates to Estab. a Disc. on the Contested Claims and Mot. to Declare Certain Contested Claims Null and Void as a Matter of Law ¶ 17 (Citing Cass Decl. ¶¶ 7 - 8 and DeMaagd Decl. ¶ 5).

41 Contestant's Mot. to Declare Certain Contested Claims Null and Void as a Matter of Law 7.

42 Contestees' Resp. to Contestant's Statement of Undisputed Facts 12-13.

43 Contestant's Reply to Contestees' Resp.to Contestant's March 1 Mots. 13.

Having considered the motions, and for good cause, it is ordered that:

1. Contestant's Motion to Identify Relevant Dates to Establish a Discovery on the Contested Claims is denied.

2. Contestant's Motion to Declare Certain Contested Claims Null and Void as a Matter of Law is denied.

Robert G. Holt
Administrative Law Judge

See page 14 for distribution.

Distribution
By Facsimile Transmission and First Class Mail:

Rose Miksovsky, Esq.
Office of the General Counsel
U.S Department of Agriculture
33 New Montgomery Street, 17th Floor
San Francisco, CA 94105
Fax (415) 744-3170
(Counsel for Contestant)

Lawrence G. McBride, Esq.
Foley & Lardner, LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007-5143
Fax (202) 672-5399
(Counsel for Contestees)