United States Department of the Interior
**OFFICE OF HEARINGS AND APPEALS**
**Departmental Hearings Division**
**405 South Main Street, Suite 400**
**Salt Lake City, Utah 84111**
**TELEPHONE (801) 524-5344**

May 18, 2007

**ORDER**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CACA 41272 |
| | ) | |
| Contestant | ) | Involving the |
| | ) | Sunrise (CAMC 167529) |
| v. | ) | Six O'Clock (CAMC 167538) |
| | ) | lode mining claims, and the |
| FRED ALOISI, et al., | ) | Sunset (CAMC 167530) |
| | ) | Yankee (CAMC 167544) |
| Contestees | ) | Compressor (CAMC 167546) |
| | ) | East Fork (CAMC 167545) |
| | ) | placer mining claims, all situated in |
| | ) | Secs. |
| | ) | 9 & 10, T 39 N., R. 11 W., Mt. Diablo |
| | ) | Meridian, Siskiyou County, California |

**DENYING GOVERNMENT MOTIONS FOR RECONSIDERATION,TO AMEND COMPLAINT, AND FOR POSTPONEMENT**
**DENYING CONTESTEE'S REQUEST FOR TIME TO REPLY**

I. Introduction

This matter is before me on the Government's motions (1) for reconsideration of my Order, dated May 2, 2007, which denied its motion to identify relevant dates; (2) for leave to amend the contest complaint; and (3) to postpone the hearing now set to begin June, 5, 2007. Contestees, (the "Aloisi Group"), have also requested time to file a response.

The Government's motions cannot be granted because it has not shown error in the Order, because it seeks determinations in the amended complaint which this office does not have authority to make, and because it has not shown adequate

justification for a postponement. Further, a response from the Aloisi Group is not required because the Government's motions cannot be sustained on their merits.

## II. Discussion

### A. The Government Has Not Shown Error in the Order

Courts have recognized that a motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247. 249 (7th Cir. 2004). Rather, the motion should "give the tribunal to which it is addressed a reason for changing its mind," like "request[ing] that the [tribunal] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Id.* (citations omitted).

I find little in the Government's motion that meets the standard described above. The motion cites to numerous authorities for the well-established principles that the Department of the Interior is entrusted with the function of making the initial determination as to the validity of claims against public lands and that it has broad plenary power over the disposition of public lands so long as legal title remains in the Government. The former principle was acknowledged in the May 2, 2007, Order. However, as indicated in the Order, the existence of this principle does not dictate that this office should determine the validity of the claims for purposes other than discharging an administrative responsibility. Order Denying Government Motions 3-5.

The Order explained that determining validity as of the dates the Aloisi Group alleges their property was taken does not discharge an administrative responsibility but, rather, serves the parties' needs stemming from the court of claims action. Under the facts of the present case, discharge of the Department's administrative responsibilities requires only a validity determination as of the date of hearing. *Id.*

None of the cases cited by the Government specifically address the issue of whether the Department has authority to determine validity as of dates pertinent to

a takings claim in federal court. In fact, the Supreme Court, in one of the cited cases, specifically declined to address the mining claimants' concern that the date for determining validity or value would differ, depending upon whether the determination was made by the Department or by a federal court.

In *Best v. Humboldt Placer Mining Co.*, 371 U.S. 334 (1963), mining claimants brought suit in federal district court to enjoin a government contest before the Department challenging the validity of the claimants' mining claims. The land encompassed by the claims was also the subject of a condemnation action in another federal district court case. The court of appeals concluded that because the government went into the district court to condemn the claimants' property interests, the validity of the claims was, of necessity, left to judicial determination. The Supreme Court reversed the court of appeals, finding that the Department could make the determination.

The claimants opposed sending the issue to the Department, alleging that they would suffer disadvantages because the procedures before the district court were much less onerous on claimants than those before the Department. Among other things, the claimants complained that in the district court value would be determined as of the time of taking, while before the agency value would be determined as of the date of the hearing. The Supreme Court expressed no views on the claimants' contentions, opining that "each of them [could] appropriately be raised in the administrative proceedings and reserved for judicial review." *Id.* at 340 n.9.

Two other court of federal claims opinions, cited by the Government, rely on *Best* as authority for staying a takings claim pending a determination by the Department on the validity of the mining claim. *Holden v. United States*, 38 Fed. Cl. 732 (1997); *Payne v. United States*, 31 Fed. Cl. 709 (1994). Both involved a situation where the surface of unpatented mining claims had been closed to public access because of a Navy bombing range. Similar to what the court of claims did in the Aloisi Group's case, the *Holden* and *Payne* courts stayed both proceedings to allow the Department to make a determination of whether the claims were valid. Neither opinion specified the date on which the determination had to be made.

These two opinions hold no more than that a taking action may be stayed pending a determination of validity by the Department. I see nothing in the two opinions that requires the Department to depart from its normal procedures for determining validity. As noted in my Order, the determination that results from the contest complaint now before me, will yield a validity determination, but under Department precedent, the determination will be effective as of the time of the hearing. Order on Government Motions 5.

The Government argues that the Department's broad plenary authority over federal land and the regulation allowing contests for "any cause" (43 C.F.R. § 4.451-1 (2006)) includes "the responsibility and continuing duty, as well as the ability, to determine the validity of unpatented mining claims *at any time*." Contestant's Mot. 7 (Emphasis added). I find no persuasive authority that interprets the Department's duty this broadly. Indeed, a policy that interprets the duty this broadly may result in undesired consequences.

The instant case provides an example. The Government filed a contest complaint that would have determined validity as of the hearing date. Its original motion sought a determination on two additional dates based on the complaint in the court of claims. Its present motion to amend the complaint seeks to add two additional dates, based on findings in the mineral report, for a total of five determinations. The Government's interpretation would have the Department determining mining claim validity for a potentially endless array of times, even if the determinations did not aid the Department in carrying out its administrative responsibilities.

Because the Government has provided no new arguments or persuasive authority that was overlooked in my Order, its motion for reconsideration must be denied.

B. <u>The Complaint Cannot be Amended To Seek a Determination This Office Has No Authority to Provide</u>

The Government also seeks to amend its complaint to obtain a determination that the claims were invalid on four dates described in the mineral report. Because I have concluded that this office only has the authority to determine the validity of the

claims as of the date of hearing, the amendment would serve no purpose and therefore must be denied.

C. The Motion to Postpone Does Not State Adequate Grounds

The only reason the Government provides for postponing the hearing, now scheduled for June 5, 2007, is the "issues raised in" its current motions. The Aloisi Group advises that it also supports a postponement stating that they have fallen off their preparation schedule by focusing on the May 2, 2007 Order and its consequences. I do not find either reason to be an adequate "showing of good cause and proper diligence." 43 C.F.R. § 4.452-3(a).

The Contest Complaint has been pending since November 1999 (more than seven years ago). The hearing date has been set since the Prehearing Scheduling Order, dated August 16, 2006 (nearly ten months ago). The parties, with proper diligence, have had adequate time to prepare.

Under well established precedent the original complaint required a determination of validity as of the date of hearing. Further, the date of hearing is one of the dates for which the Government seeks a determination in its current motion. The Aloisi Group has also acknowledged that the date of hearing may be an appropriate date. Contestees' Resp. to Contestant's March 1 Mots. 24.

I see no reason why both parties should not be prepared to present their evidence on validity as of the date of hearing. The denial of the Government's motion to make determinations on additional dates cannot prejudice either parties preparation. It only reduces the evidence they may have anticipated presenting. Because neither party has shown good cause for postponing the hearing the Government's motion must be denied.

D. A Response From Contestees is Not Necessary

Because I have denied the Government's motion based on the arguments it submitted, a response from the Aloisi group is not necessary.

III. Conclusion

Having considered the motions, and for good cause, it is ordered that:

1. Contestant's Motion for Reconsideration of this forum's May 2, 2007 Order denying its Motion to Identify Relevant Dates to Establish Discovery on the Contested Claims is denied.

2. Contestant's Motion For Leave to Amend Complaint is denied.

3. Contestant's Motion to Postpone June Hearing is denied.

4. Contestee's request for leave to respond to Contestant's motions is denied.

Robert G. Holt
Administrative Law Judge

See page 7 for distribution.

CACA 41272

Distribution
By Facsimile Transmission and First Class Mail:

Rose Miksovsky, Esq.
Office of the General Counsel
U.S Department of Agriculture
33 New Montgomery Street, 17th Floor
San Francisco, CA 94105
Fax (415) 744-3170
(Counsel for Contestant)

Lawrence G. McBride, Esq.
Foley & Lardner, LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007-5143
Fax (202) 672-5399
(Counsel for Contestees)