IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 95-650L |
| UNITED STATES OF AMERICA, | ) | Hon. Lawrence S. Margolis |
| Defendant. | ) | |

## MOTION TO COMPEL THE APPEARANCE OF PLAINTIFFS ENERGEL, INC. AND DYNATECH CORPORATION AT DEPOSITION

Pursuant to Rule 37 of the Rules of the United States Court of Federal Claims (RCFC), Defendant hereby moves for an order compelling Plaintiffs Energel, Inc. ("Energel") and Dynatech Corporation ("Dynatech") to make a designation under RCFC 30(b)(6) and appear at deposition.[1/] If Plaintiffs are unable to designate an individual to testify on behalf of these corporate Plaintiffs, the United States respectfully requests that the Court dismiss Energel and Dynatech pursuant to RCFC 37. See RCFC 37(d). Counsel for the United States has made good faith efforts to resolve this matter informally with Plaintiffs' counsel, without success. See RCFC 37(a)(2)(C).

On October 15, 2007, Defendant issued notices of the depositions of Plaintiffs Energel and Dynatech pursuant to RCFC 30(b)(6).[2/] See Notice of Deposition of Energel, Inc. (attached

---

[1/] Defendant also noticed the deposition of Plaintiff James Kendle, whom Plaintiff's counsel apparently was unable to locate until recently. See Ex. E. Defendant is hopeful that Mr. Kendle will appear at a deposition voluntarily, but will soon seek an order to compel Mr. Kendle to appear if he declines. Additionally, Plaintiff's counsel recently indicated that Mr. Kendle may seek to be voluntarily dismissed from this action, but Defendant is entitled to depose Mr. Kendle and will oppose his dismissal until after the government obtains his deposition.

[2/] Although the depositions of Energel and Dynatech were initially set for October 24, 2007, in Yreka, California, by agreement among counsel, depositions of available witnesses including certain former and current Forest Service personnel and Plaintiff Alfred Aloisi, among others, were held in Yreka, California during the week of October 29, 2007. No corporate designee(s) were identified who could speak for either corporation at a Rule 30(b)(6) deposition in Yreka.

as Ex. A); see also Notice of Deposition of Dynatech Corp. (attached as Ex. B). Each notice identified the subject matter for deposition. See Exs. A & B. Plaintiffs' counsel informed counsel for Defendant that no witnesses were available, apparently due to the death of Plaintiff Donald Goodman (see Suggestion of Death of Plaintiff Donald W. Goodman, filed Nov. 20, 2007), who was the President of both entities. See Complaint, ¶ 6. Despite Defendant's several attempts to resolve this issue, Plaintiffs have been unable to designate a person to testify on behalf of either corporate Plaintiff.

It appears that Plaintiffs will be unable to designate a RCFC 30(b)(6) witness for Energel or Dynatech. Both Energel and Dynatech appear to no longer be active entities within their respective states of incorporation. See Status Report for Energel, Inc., State of Delaware, Div. of Corporations, Nov. 20, 2007 (attached as Ex. C); see also Business Entity Status Report for Dynatech Corporation, New Jersey State Business Gateway Service, Nov. 20, 2007 (attached as Ex. D). As of May 8, 2004, Energel's status was "forfeited" for failing to appoint a registered agent. See Ex. C. Dynatech's status as of May 5, 2005 was "revoked for not filing [an] annual report for 2 consecutive years." See Ex. D. That neither entity is a going concern further suggests that neither party will be able to identify a witness with knowledge of the subject matter identified for deposition.

Plaintiffs' failure to identify a RCFC 30(b)(6) witness is grounds for dismissal pursuant to Rule 37, as well as other sanctions. See RCFC 37(d) (stating that if a party designated under RCFC 30(b)(6) fails to appear at a deposition after being served with a proper notice, the court may "make such orders in regard to the failure as are just"); see also Colbert v. United States, 30 Fed. Cl. 95, 98-100 (1993) (dismissal is a proper remedy where a party fails to respond to discovery). Moreover, no lesser sanction would apply in this situation where no one is available

who has knowledge of the subject matter identified for deposition due to the death of the companies' President, Donald Goodman.

Defendant's counsel certifies that prior to bringing this motion, he conferred with Plaintiffs' counsel on several occasions regarding the depositions of Energel and Dynatech. First, after issuing the deposition notices on October 15, 2007, counsel for the parties discussed the unavailability of a witness for each of these entities when scheduling depositions to be taken during the week of October 29, 2007 in Yreka, California. See E-mail thread between Bruce Trauben and Lawrence McBride, Oct. 25, 2007 (attached as Ex. E); see also Joint Motion to Modify the Scheduling Order, filed Nov. 16, 2007. After the depositions were completed in Yreka, Plaintiffs' counsel wrote to defense counsel indicating that he was trying to arrange witnesses for the other depositions noticed by Defendant. See E-mail and Letter from Lawrence McBride to Bruce Trauben, Nov. 5, 2007 (attached as Ex. F). In response, counsel for the government indicated Defendant's continuing interest in deposing a corporate designee of both Energel and Dynatech. See E-mail from Bruce Trauben to Lawrence McBride, Nov. 6, 2007 (attached as Ex. G).

On November 9, 2007, counsel for Defendant wrote to Plaintiffs' counsel to suggest that Energel and Dynatech should be dismissed from this action, "if there no longer is someone who can speak or act on [their] behalf." See Letter from Bruce Trauben to Lawrence McBride, Nov. 9, 2007, with Nov. 9, 2007 E-mail attached (attached as Ex. H). Plaintiffs' counsel did not respond to Defendant's suggestion. Counsel for Defendant again brought the lack of corporate designees for Energel and Dynatech to Plaintiffs' counsel's attention on November 19, 2007, suggesting that the Court may need to become involved. See E-mail from Bruce Trauben to Lawrence McBride, Nov. 19, 2007 (attached as Ex. I). That e-mail did not elicit an immediate response from Plaintiffs' counsel. On November 20, 2007, counsel for Defendant wrote to

Plaintiffs' counsel indicating the government's intent to bring this motion. See E-mail from Bruce Trauben to Lawrence McBride, Nov. 20, 2007 (attached as Ex. J). Counsel for Defendant also left a voice mail message for Plaintiffs' counsel on November 20, 2007 regarding this motion. After the Thanksgiving Holiday, Plaintiffs' counsel responded on November 26, 2007, indicating that he has been working with (deceased) Plaintiff Donald Goodman's accountant, Mr. Finkelstein, to locate someone who could speak for the corporate Plaintiffs. See E-mail from Lawrence McBride to Bruce Trauben, Nov. 26, 2007 (attached as Ex. K). Defense counsel verbally informed Plaintiffs' counsel that the government would wait until Friday, November 30th, to file this motion. To date, approximately six weeks after the depositions were noticed, Plaintiffs have not identified any individual who can represent Energel or Dynatech at deposition, forcing Defendant to file this motion.

The Court should therefore issue an Order compelling Energel and Dynatech to produce at deposition witnesses with knowledge of the subject matter identified in the respective deposition notices. If they cannot do so, then dismissal is warranted under Rule 37.

Dated: November 30, 2007

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Bruce K. Trauben

BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
U. S. Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
(202) 305-0238 (ph)
(202) 305-0267 (fax)
*Attorney for Defendant*

Of Counsel:

William Shapiro
Natural Resources Section
Environment and Natural Resources Div.
U.S. Department of Justice
501 I Street, Suite 9-700
Sacramento, CA 95814-2322
(916) 930-2207

Rose Miksovsky, Esq.
Office of General Counsel
U.S. Department of Agriculture
33 New Montgomery St., 17th Fl.
San Francisco, CA 94105-3170