# EXHIBIT I

**Trauben, Bruce (ENRD)**

**From:** Trauben, Bruce (ENRD)
**Sent:** Monday, November 19, 2007 3:47 PM
**To:** 'McBride, Lawrence G.'
**Cc:** Shapiro, William (ENRD)
**Subject:** RE: Aloisi v. United States: Privileged Communications Produced by Finkelstein

Larry: While I have found some correspondence to Tom and Fred that was not produced in this action, the government may not have requested its production (still looking at that issue), so I may have prematurely stated in my e-mail below that it "should have been produced in this action." My apologies.

Nevertheless, questions are arising with respect to Mr. Finkelstein's production because as Mr. Goodman's accountant, Mr. Finkelstein's records were under Mr. Goodman's control and normally should have been reviewed and produced by Mr. Goodman in response to the government's requests, as he was a Plaintiff in this action. But because of his death over 2 years ago, Mr. Goodman's documents were not reviewed, as they presumably would have been. This again highlights the need to inform the Court of Mr. Goodman's death. Also, Plaintiffs have not identified anyone who can testify on behalf of Plaintiffs Energel and Dynatech, which Defendant has a right to depose in this action. It is becoming apparent that we need to involve the Court to resolve some of these issues. Regards, Bruce

-----Original Message-----
From: Trauben, Bruce (ENRD)
Sent: Monday, November 19, 2007 2:57 PM
To: 'McBride, Lawrence G.'
Cc: Shapiro, William (ENRD)
Subject: RE: Aloisi v. United States: Privileged Communications Produced by Finkelstein

Mr. McBride: While we do not intend to challenge waiver, you knew that we subpoenaed Mr. Finkelstein's records before he produced them and, in fact, you spoke with him on the telephone before he produced any documents to the government. So you had an opportunity to ask Mr. Finkelstein whether any documents in his possession were marked "privileged." More troubling, for your information, is the correspondence that I'm finding that is addressed to Tom Ferrero and copied to Fred Aloisi that should have been produced in this action as there is no attached privilege or work product protection. I'm considering our options. Regards, Bruce Trauben

-----Original Message-----
From: McBride, Lawrence G. [mailto:LMcBride@foley.com]
Sent: Monday, November 19, 2007 2:47 PM
To: Trauben, Bruce (ENRD)
Subject: RE: Aloisi v. United States: Privileged Communications Produced by Finkelstein

Bruce,
I have not seen what Mr. Finkelstein produced, nor did I have the opportunity to the material in any way before your copiers picked them up from him in New Jersey.
Please treat that and any other potentially privileged documents you may find as inadvertently produced until I have the opportunity to review Finkelstein's production, which I will do promptly upon my receipt of it.
Larry

-----Original Message-----
From: Trauben, Bruce (ENRD) [mailto:Bruce.Trauben@usdoj.gov]
Sent: Monday, November 19, 2007 2:36 PM
To: McBride, Lawrence G.
Cc: Shapiro, William (ENRD); rose.miksovsky@usda.gov
Subject: Aloisi v. United States: Privileged Communications Produced by

Finkelstein

Larry: Do Plaintiffs intend to waive any privilege attached to documents produced by Myron Finkelstein? So far, I've found a 9-24-1999 memo from you to Don and Fred with a recommendation on the Forest Service contest, which I have not read beyond what I needed to see to identify it as potentially, formerly privileged. Regards, Bruce

For U.S. Mail:
Bruce K. Trauben
Trial Attorney
Natural Resources Section
Environment & Natural Resources Div.
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663

Ph: (202) 305-0238
Fax: (202) 305-0506

Hand/Overnight Deliveries:
Bruce K. Trauben
ENRD/NRS
U.S. DOJ
601 D Street, N.W., Rm. 3126
Washington, D.C. 20004

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.