IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 95-650L |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Lawrence S. Margolis |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO COMPEL THE APPEARANCE OF PLAINTIFF JAMES KENDLE AT DEPOSITION

Pursuant to Rule 37 of the Rules of the Court of Federal Claims, Defendant, the United States of America, hereby moves for an order compelling Plaintiff James Kendle to appear at deposition. The United States previously moved to compel the appearance of Plaintiffs Energel, Inc. ("Energel") and Dynatech Corporation ("Dynatech") when Plaintiffs were unable to designate an individual to testify on behalf of either of those parties. See Def.'s Mot. to Compel, dated Nov. 30, 2007 (Docket No. 105). That motion currently is pending. As we noted in the motion to compel the appearance of Energel and Dynatech, the United States was hopeful that Plaintiffs would make Mr. Kendle available at a deposition, as they are required to do under the Rules of this Court. See id. at 1 n.1. Regrettably, Plaintiffs have been unable or unwilling to make Mr. Kendle available for deposition, requiring Defendant to file this motion.

As discussed below, counsel for the United States has made good faith efforts to resolve this matter informally with Plaintiffs' counsel, without success. See RCFC 37(a)(2)(B). Accordingly, the United States moves to compel the appearance of Plaintiff James Kendle at deposition. If Plaintiffs are unable or unwilling to make Mr. Kendle available, the United States respectfully requests that the Court order such relief that the Court deems just and appropriate, pursuant to Rule 37 of the Rules of the Court of Federal Claims.[1/] See RCFC 37(d).

---

[1/] Plaintiffs' counsel, Mr. McBride, informed counsel for Defendant that he spoke with Mr. Kendle during the latter half of November, 2007, and indicated that Mr. Kendle is considering

Based on Alfred Aloisi's and Candis Potter's (formerly known as Candis Aloisi) deposition testimony, it appears that Plaintiff Kendle did not know about this action – or the fact that he was named as a plaintiff – until recently. See Aloisi Tr. at 6 (Oct. 31, 2007) (testifying that he had not spoken to Mr. Kendle since 1991, that Plaintiff Aloisi was "not certain" if Mr. Kendle knows that he is a plaintiff in this action, and that Plaintiff Aloisi did not send a copy of the Complaint to Mr. Kendle) (excerpts are attached, hereto, as Ex. A); see also Potter Tr. at 55-56, 61 (Nov. 16, 2007) (referring to plaintiffs' document A-181, a March 11, 1994 Notice of Labor to Delinquent Co-Owner, and testifying that her only contact with Mr. Kendle was mailing a copy of the notice letter to Mr. Kendle, and testifying that should could not recall sending a copy of the Complaint to him) (excerpts are attached as Ex. B).[2/] Counsel for the United States, therefore, has serious concerns about why Mr. Kendle may be refusing to appear at a deposition.

It is clear that Mr. Kendle is likely to have information relevant to the issues involved in this case. Mr. Kendle apparently co-owned at least some of the mining claims at issue with Plaintiff Aloisi and, between Plaintiffs Alfred Aloisi and James Kendle, Mr. Kendle was more responsible for keeping Liberty Mining, Inc.'s books. Ex. A at 29-30, 104-105. Accordingly, Mr. Kendle is likely to have information relating to Plaintiffs' investment-backed expectations, and other factors that must be considered in a regulatory takings case such as this. See Penn Central Transp. Co. v. New York City, 438 U.S. 104, 124 (1978).

Defendant tried unsuccessfully to resolve this issue in good faith with Plaintiffs' counsel prior to bringing this Motion to Compel. After issuing a Notice of Deposition of James Kendle

---

being voluntarily dismissed. Dismissing Mr. Kendle without affording the United States an opportunity to depose him, however, would be prejudicial to Defendant because he likely has relevant information as discussed below.

[2/] See also Ex. A at 53-54, 58 (Plaintiff Alfred Aloisi testifying that Document A-181 is a "Notice of Delinquency to a Co-Owner on Proof of Labor").

on October 15, 2007 (see Ex. C), Plaintiffs' counsel informed counsel for Defendant on October 25, 2007, that he had not been able to reach Mr. Kendle. See E-mail from Lawrence G. McBride to Bruce K. Trauben (Oct. 25, 2007) (attached as Ex. D). By that time, the parties had agreed to depose available witnesses in Yreka, California during the week of October 29, 2007, although Plaintiffs' counsel still could not find Mr. Kendle. After the conclusion of the depositions in Yreka, Mr. McBride wrote to counsel for Defendant on November 5, 2007 stating that he was working on the availability of the other witnesses for whom Defendant had issued a notice of deposition. See Letter from Lawrence G. McBride to Bruce K. Trauben at 2, with cover E-mail (Nov. 5, 2007) (attached as Ex. E). To assist Plaintiffs' counsel in locating Mr. Kendle, Defendant conducted a computer-based search and forwarded Mr. Kendle's address electronically to Plaintiffs' counsel. See E-mail from Bruce K. Trauben to Lawrence G. McBride (Nov. 7, 2007), with attachment (attached, hereto, as Ex. F).

Counsel for Defendant sent an e-mail and letter to Plaintiffs' counsel on November 9, 2007, suggesting that Defendant may need to bring a motion to compel, if Mr. Kendle were not soon made available for a deposition. See Letter from Bruce K. Trauben to Lawrence G. McBride (Nov. 9, 2007), with E-mail (attached as Ex. G). Plaintiffs' counsel notified counsel for Defendant on November 12, 2007, that he had spoken to Mr. Kendle's brother and hoped to hear soon from Mr. Kendle, who apparently was living in a mobile home with no fixed address. See E-mail from Lawrence G. McBride to Bruce K. Trauben (Nov. 12, 2007) (attached as Ex. H). Soon after the Thanksgiving holiday, Plaintiffs' counsel verbally informed counsel for Defendant that he had spoken to Mr. Kendle, and that Mr. Kendle was to make a decision by Monday, December 3, 2007 regarding whether to remain a Plaintiff in this action. Counsel for Defendant wrote to Plaintiffs' counsel on November 29, 2007, stating that while Mr. Kendle may decide that he wants to be dismissed from this action, Defendant still intends to depose him. See E-mail from Bruce K. Trauben to Lawrence G. McBride (Nov. 29, 2007) (attached as Ex. I).

Counsel spoke again on December 4, 2007, but Plaintiffs' counsel had not yet heard back from Mr. Kendle, precipitating this motion.

For the foregoing reasons, pursuant to Rule 37, the Court should therefore issue an Order compelling Plaintiff James Kendle to appear at deposition. If Plaintiffs are unwilling or unable to make Mr. Kendle available for deposition, then the Court should grant such relief as it deems appropriate and just under the circumstances.

Dated: December 12, 2007

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Bruce K. Trauben
BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
U. S. Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
(202) 305-0238 (ph)
(202) 305-0267 (fax)
*Attorney for Defendant*

Of Counsel:
William Shapiro
Natural Resources Section
Environment and Natural Resources Div.
U.S. Department of Justice
501 I Street, Suite 9-700
Sacramento, CA 95814-2322
(916) 930-2207

Rose Miksovsky, Esq.
Office of General Counsel
U.S. Department of Agriculture
33 New Montgomery St., 17th Fl.
San Francisco, CA 94105-3170