# EXHIBIT H

**Trauben, Bruce (ENRD)**

---

**From:** McBride, Lawrence G. [LMcBride@foley.com]

**Sent:** Monday, November 12, 2007 2:57 PM

**To:** Trauben, Bruce (ENRD)

**Subject:** RE: November 12, 2007 Letter to Bruce K. Trauben, Esq.

I have been talking with Jim Kendle's brother Jeff (through Kendle Trucking in Medford), but they do not have a fixed address for him at this point. My address/contact point was through Kendle Trucking. I believe one of the trackers you've used called there, too, as Jeff reported an out of the blue inquiry for Jim recently, too. Jeff says Jim calls Jeff and/or his father periodically, but has not recently. I have apprised Jeff, but have been unable to apprise Jim, of your desire to depose him -- he's missing to me, too. They expect they might hear from him at Thanksgiving, if we can hold this issue over that week.

I specifically asked about the Portland address we had, but Jeff says their father gave Jim his mobile home some while back. As far as they know, he has no fixed address.

As to Myron and Goodman, I plan to make the Rule 25(a) filing as soon as I have the chance to understand from Myron the status of the estate and heirs and deal with him/it/them on the situation.

---

**From:** Trauben, Bruce (ENRD) [mailto:Bruce.Trauben@usdoj.gov]
**Sent:** Monday, November 12, 2007 1:51 PM
**To:** McBride, Lawrence G.
**Cc:** Shapiro, William (ENRD)
**Subject:** RE: November 12, 2007 Letter to Bruce K. Trauben, Esq.

Larry: I spoke with Myron Finkelstein today, and learned that he has about one box of documents to produce. Also, we spoke briefly about the estate and substitution of parties for Don Goodman. It seems as though the estate was wound up with a final distribution to Don's 3 children, but the fast-talking Mr. Finkelstein said, I believe, that "nothing is final," suggesting to me that it may be re-opened. The notice of death to the court only starts the 90 day trigger for the substitution of parties -- it seems that 3 months should be sufficient time and the court probably would allow more time if needed. As you no doubt know, the government cannot settle this action (if we walk down that path) without the approval of all plaintiffs. In other actions that I've settled where we learned at the time of settlement that some of the plaintiffs were deceased, they were either substituted by the executor of the estate or dismissed from the action prior to final settlement - it was not difficult, but it held everything up for several months. Why wait, when we know now that it needs to be done? I will confer with my colleagues and let you know of our decision before filing anything with the court regarding Don Goodman.

Also, more troubling for me personally and for the government than the Don Goodman situation, is that James Kendle may not be aware of this action and has not been kept apprised of its status. If that is the case, it potentially raises professional responsibility concerns - yours under ABA Model Rules 1.2 and 1.4, and now mine under Rule 8.3 (the CFC has adopted the ABA Model Rules; and the D.C. Rules are very similar, if not identical). If there is any non-privileged information that you can provide to me that would ease those concerns, it would be greatly appreciated. It seems that the best solution would be to inform Mr. Kendle of the litigation and the government's desire to take his deposition, rather than have his apparent lack of knowledge of this suit brought to the court's attention though a motion to compel his appearance, which the government soon will need to file (at this point, I'm only waiting for the transcript of Fred's recent deposition to attach excerpts to the motion).

Best regards, Bruce

---

**From:** McBride, Lawrence G. [mailto:LMcBride@foley.com]
**Sent:** Monday, November 12, 2007 11:59 AM
**To:** Trauben, Bruce (ENRD)
**Subject:** November 12, 2007 Letter to Bruce K. Trauben, Esq.

Bruce, likewise, we are also faxing this so you'll have it Tuesday morning both ways.

Thank you,

***Larry McBride***

Lawrence G. McBride, Esq.
Foley & Lardner LLP
Washington Harbour
3000 K St., N.W., Suite 500
Washington, DC 20007

lmcbride@foley.com

(202) 295-4017 (Direct)
(202) 672-5399 (Fax)
(202) 672-5300 (Switchboard)

www.foley.com

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise