**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 95-650L |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Lawrence S. Margolis |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT'S MOTIONS TO COMPEL**
**REGARDING PLAINTIFFS KENDLE, ENERGEL AND DYNATECH**

Plaintiffs respectfully file this response to Defendant's Motion to Compel the Appearance of Plaintiffs Energel, Inc. and Dynatech Corporation at Deposition, filed November 30, 2007 (Dkt No. 105), and Defendant's Motion to Compel the Appearance of Plaintiff James Kendle at Deposition, filed December 12, 2007 (Dkt No. 107).

1. With respect to Plaintiff James Kendle, Mr. Kendle has agreed to appear and be deposed by Defendant. The date has not yet been arranged, but Mr. Kendle knows and understands that Defendant seeks to depose him adequately in advance of the parties' schedule for filing of dispositive motions. He has agreed to travel to Portland, Oregon, to a location selected by Defendant, for this purpose. Plaintiffs so advised Defendant this week, and the parties are working to fix a mutually acceptable time and location for this deposition.

Upon receipt of Defendant's Notice of Deposition for Mr. Kendle, counsel determined that his, and the other plaintiffs', address and contact information for Mr. Kendle was no longer valid. This information dated from the period of the Stay of this case pending the outcome of the administrative contest proceeding initiated by Defendant's U. S. Forest Service challenging the

validity of the unpatented mining claims that constitute the central properties involved in this case. Counsel contacted Kendle Trucking of Medford, Oregon, which is owned and operated by James Kendle's father and brother (John Kendle and Jeff Kendle, respectively). Jeff Kendle advised counsel that he were estranged from his brother James, as was his father, that they heard from him infrequently, and that James had no fixed address, but rather lived in a motor home in which he traveled from project to project in his employment at remote construction sites. Jeff Kendle agreed, should James contact them, to convey to James the need to call counsel for purposes of this case and the government's Notice of Deposition in the case. Jeff Kendle further agreed, at counsel's urging, to contact third parties with whom they believed James was in more regular contact with this same message.

Later in November counsel was called by a third party who had received that message from Jeff Kendle, and urged the third party's and Mr. Kendle's cooperation in this regard. Early in December James Kendle contacted counsel. Mr. Kendle confirmed his nomadic living arrangements tied to the remote construction projects where he is employed. He also agreed to be deposed.

After receipt of Defendant's instant Motion, counsel sought to contact Mr. Kendle for the purpose of following through on arrangements for his deposition, but received a "voice mail box" full response, and was unable to leave a message. Earlier this week counsel got through, confirmed Mr. Kendle's prior expression of cooperation in being deposed, and so notified Defendant.

2. With respect to Energel, Inc., counsel hereby designates Mr. Myron Finkelstein as its RCFC 30(b)(6) witness. The Affidavit of Mr. Finkelstein (attached as Exhibit A) shows that Energel was an entity established and operated by the late Donald W. Goodman, who together

with plaintiff Alfred Aloisi in 1989 formed Liberty Mining, Inc., for the purpose of conducting the gold mining operation that the Forest Service stopped and did not allow to restart, giving rise to this case. *See* Joint Appendix paper filing with Dkt. No. 109 "Notice of Filing," Document No. 19 (corporate documents of Liberty Mining, Inc.).

Mr. Goodman used Energel, Inc. in connection with the certain payments related to the property involved in the mining operations, as Mr. Finkelstein's Affidavit (at ¶ 4). In connection with Energel's role in the property position at the mine location, Aloisi and Goodman, in 1991, transferred one of the two private parcels in Eddy Gulch that were part of the plaintiffs' property position to Energel in 1991. This parcel is known as "Mineral Lot 45A" and also as the Mountain Laurel Mine. *See* Joint Statement of Facts (Dkt. No. 112), ¶ 5; and the Deed of Trust and Foreclosure Notice material attached as Exhibit B (Pls. A-162). Back-to-back, Energel executed a trust deed to secure a loan used to finance the enterprise. *See* Exhibit B (Pls. A-162); and 1991 mortgage loan transaction letter attached as Exhibit C (FINKLE000926-28). As Exhibit B also indicates, Energel defaulted on that note, and foreclosure proceedings, including a trustee's sale, resulted.

Mr. Finkelstein was the late Donald W. Goodman's long-standing accountant, and did accounting and tax preparation work for Energel, Inc., among other entities organized and operated by Mr. Goodman. Exhibit A, ¶ 3. He was Mr. Goodman's accountant and the accountant for Mr. Goodman's businesses through the period involved in this case. Plaintiffs do not dispute Defendant's characterization of the status of Energel as a Delaware corporation – its official status was "forfeited;" it is inactive. But Energel was never dissolved, and it could become active again under procedures established by Delaware law, including payment of back fees and appointment of a registered agent. The most recent corporate filing Energel made in

Delaware, in early 2004 for calendar year 2003 ("FINKLE001073", attached as Exhibit D), establishes that Mr. Finkelstein is the corporate secretary of Energel.

Defendant argues that since Energel "is not a going concern," that means there is no corporate witness with knowledge of the subject matter of the case (appropriate for deposition). Mr. Finkelstein's Affidavit belies this. Certainly Mr. Finkelstein does not know everything that the late Mr. Goodman knew, but he remains an appropriate and sufficient Rule 30(b)(6) witness for purposes of Energel, Inc.'s role in the case.

3. With respect to Dynatech Corporation, plaintiffs hereby designate Mr. Donald C. Goodman as its RCFC 30(b)(6) witness. Donald C. Goodman is the late Donald W. Goodman's son and, as Mr. Finkelstein's Affidavit describes (Ex. A, at ¶ 6), "Donald C" worked directly with his father in the blasting, quarrying and foundation business conducted by Dynatech.

While logistics have prevented supplying his Affidavit in support of this Response, Donald C. Goodman has represented to counsel personal knowledge and recollection of relevant aspects of Dynatech's role in supplying Dynatech equipment to California, and in financing the purchase of other equipment by Liberty Mining in California and Oregon. *See* equipment list attached as Exhibit E (also found in Joint Appendix paper filing, as Document No. 98), and Plaintiffs' September 2007 Responses to Defendant's Interrogatories, Interrogatory No. 10, Attached as Exhibit F). Mr. Goodman has recently represented to counsel his willingness to be deposed in these regards.

4. As the public notice attached to Defendant's Suggestion of Death indicates, the late Donald W. Goodman had three living children who survived him: Ms. Kim Beebe, Mr. Donald C. Goodman, and Ms. Jody Stevenson. Counsel has prepared material and will assist them in making their decisions whether or not they wish to pursue their late father's status as a plaintiff

in this case, subject to the calendar established by Defendant's Suggestion of Death filed in this case. Likewise, as record or potential record officers, and as heirs of potential stock ownership in these two companies formed and operated (when they were active) under their late father's control, they will determine whether they wish to exercise their rights as officers or potential successor stockholders, or both, in these two entities, to succeed to their late father's interests in this case.

No one can speak for the late Mr. Goodman. And no one can speak on behalf of these two entities he formed and controlled as he could have. But that does not mean that no one can speak on behalf of these two entities. The two RCFC 30(b)(6) witnesses designated here can speak for them, with some knowledge of the Energel's and Dynatech's participation in the circumstances of this case, even if greater knowledge of these entities' participation in the circumstances of the case was lost with the late Mr. Goodman.

Dated: January 11, 2008

Respectfully submitted,

s/ Lawrence G. McBride

LAWRENCE G. MCBRIDE
Foley & Lardner LLP
3000 K St., N. W., Suite 500
Washington, D.C. 20007-5143
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
*Attorney for Plaintiffs*