JACOBSON, JEWETT & THIEROLF, P.C.
ATTORNEYS AT LAW
P.O. BOX 4687, 426 WEST MAIN STREET
MEDFORD, OREGON 97501

JERRY A. JACOBSON*
MICHAEL JEWETT
RICHARD B. THIEROLF, JR.

*Admitted in Oregon and California

TELEPHONE:
(503) 773-2727
IN REPLY REFER TO

91-64

May 30, 1991

Mr. David L. Davies
250 Carolina Avenue, #405
Winter Park, Florida 32789

Re: Loan of David L. Davies (the "Lender") to Energel, Inc., a Delaware corporation (the "Borrower")

Gentlemen:

We have acted as counsel for the Borrower, a Delaware corporation and for Dynatech, Inc., a New Jersey corporation ("Dynatech"). In our capacity as such counsel we are generally familiar with the Articles of Incorporation and Bylaws and other organizational and governing documents, as the case may be, of the Borrower and Dynatech, Inc., and with their affairs. We are also familiar with the execution and delivery of that certain Promissory Note dated as of even date herewith (the "Note") by the Borrower in favor of the Lender evidencing a loan (the "Loan") from the Lender to the Borrower of One Hundred Fifty Thousand Dollars ($150,000).

In connection with the Loan, we have been furnished with originals or copies certified to our satisfaction of all such corporate and other records of the Borrower and of Dynatech, with such declarations and agreements, and certificates of officers and representatives of the Borrower and of Dynatech, and with such other documents, and we have made such other examinations and investigations, as we have deemed necessary as a basis for the opinions expressed below.

We have examined executed copies of the following documents addressed to the Lender or to which the Lender is a party (all of which are sometimes collectively referred to as the "Loan Documents"):

A. The Note.

B. The Deed of Trust and Security Agreement executed by the Borrower and Dynatech in favor of the Lender.

C. A UCC-1 Financing Statement executed by Dynatech to perfect the lien of the security interest granted in the Security Agreement (the "Financing Statement").

D. Documents associated with the foregoing prepared to facilitate funding and closing of the loan.

Based upon the following, we are of the opinion that:

1. The Borrower and Dynatech are corporations duly organized, validly existing and in good standing under the laws of the States of Delaware and New Jersey, respectively. Those corporations have all requisite power and authority to carry on their business and to deliver and perform each of their obligations under the Loan Documents.

2. The execution, delivery and performance by the Borrower and Dynatech of the Loan Documents to which they are parties has been duly authorized by all necessary corporate action and does not (i) require any consent or approval of their respective shareholders or partners or any other person or entity, (ii) violate any provision of any law, rule or regulation of the United States or the State of California, or any provision of the corporate law presently in effect having applicability to such corporations, (iii) violate their respective Articles of Incorporation, Bylaws or other organizational or governing documents, (iv) violate any presently existing statutory or administrative provision or judicial decision applicable to them, or (v) result in a breach of, or constitute a default under any such agreement or instrument known to us nor under any such statutory or administrative provision or judicial decision.

3. Each of the Loan Documents will, when duly executed by the Borrower and/or Dynatech and delivered for value, (i) constitute a legal, valid and binding obligation of the Borrower and/or Dynatech, and (ii) be enforceable in accordance with its terms, subject, however, in each case to any applicable bankruptcy, insolvency and similar laws affecting creditors' rights generally.

4. The Lender has a legal, valid and enforceable security interest, which will be duly perfected when the Financing Statement is properly filed, in and to all personal property collateral described in the Loan Documents securing the Borrower's obligations under the Loan

Documents. Other than a security interest presently held in the personal property collateral by First Fidelity Bank of New Jersey, we are not aware of any unperfected security interests in any of the collateral described in the Loan Documents.

5. The Deed of Trust will, when recorded, constitute a duly perfected, legal, valid and enforceable liens on the property described therein (the "Property"). We have no knowledge of any unrecorded liens on any of the property covered by the Deed of Trust. The Property is not residential property within the meaning of the California Civil Code provisions relating to Promissory Notes secured by Deed of Trust on residential property.

6. After due inquiry, to our knowledge, no presently existing authorization, exemption, consent, approval, license or registration with any court or governmental department, commission, bureau, agency or instrumentality of the State of California, or the United States will be necessary for the valid, binding and enforceable execution and delivery by the Borrower or Dynatech of the Loan Documents.

7. The loan is not in violation of the usury or other laws of the State of California.

Very truly yours,

JACOBSON, JEWETT & THIEROLF, P.C.

Jerry A. Jacobson

JAJ/rlo