**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 95-650L |
| UNITED STATES OF AMERICA, | ) | Hon. Lawrence S. Margolis |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTIONS TO COMPEL THE APPEARANCE OF PLAINTIFFS JAMES KENDLE, ENERGEL AND DYNATECH AT DEPOSITION**

Defendant submits this Reply in support of both, its Motion to Compel the Appearance of Plaintiffs Energel, Inc. and Dynatech Corporation at Deposition, filed November 30, 2007 (Dkt. No. 105), and its Motion to Compel the Appearance of Plaintiff James Kendle at Deposition, filed December 12, 2007 (Dkt. No. 107), and in reply to Plaintiffs' Response to Defendant's Motions to Compel filed January 11, 2007 (Dkt. No. 114).

Despite the excuses provided by Plaintiffs in their Response to Defendant's Motions to Compel, no where do they argue that the motions should be denied. In light of the fact that these Plaintiffs came forward only after they were confronted with a motion to compel, Defendant's motions should be granted. Defendant, therefore, requests that the Court grant the United States' motions to compel and order Plaintiffs to appear at deposition. Should these plaintiffs fail to appear or, with respect to the 30(b)(6) depositions of Energel, Inc. and Dynatech Corporation, appear without being prepared to address the subject matter identified in the notice of deposition, the Court may then take prompt and appropriate action under Rule 37(b) of the Rules of the United States Court of Federal Claims.[1/]

---

[1/] Plaintiff Goodman's declining health was never brought to Defendant's attention. See Affidavit of Myron Finkelstein (Dkt. No. 114-2), ¶¶ 5, 8; see also Oct. 31, 2007 Aloisi Tr. at 5:10-21 (attached hereto as Ex. 1) (indicating the Mr. Goodman's health declined over an extended period of time). Had Defendant been apprised of Mr. Goodman's declining condition,

Finally, because Plaintiffs decided to come forward just a few weeks before dispositive motions are due on February 1, 2008, Defendant should be permitted to supplement its motions papers with information obtained from the depositions, if Defendant deems it warranted. Counsel for Plaintiffs has agreed that Defendant may supplement its motion papers (see Ex. 2, hereto). Defendant, therefore, respectfully requests that, when granting its motions to compel, the Court also grants Defendant leave to supplement its motion papers with information obtained from the anticipated depositions as Defendant may deem necessary.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

---

Defendant could have sought leave during the stay to depose Mr. Goodman to preserve his testimony. To cure any prejudice to the United States resulting from Plaintiffs' failure to timely apprise Defendant of Mr. Goodman's condition, Defendant may seek an adverse inference where appropriate.

Dated: January 24, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Bruce K. Trauben
BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
U. S. Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
(202) 305-0238 (ph)
(202) 305-0267 (fax)

WILLIAM SHAPIRO
Natural Resources Section
Environment and Natural Resources Div.
U.S. Department of Justice
501 I Street, Suite 9-700
Sacramento, CA 95814-2322
(916) 930-2207
*Attorneys for Defendant*

Of Counsel:
Rose Miksovsky, Esq.
Office of General Counsel
U.S. Department of Agriculture
33 New Montgomery St., 17th Fl.
San Francisco, CA 94105-3170

# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ALFRED ALOISI, et al., )
)
Plaintiffs, )
)
vs. ) No. 95-650L
)
UNITED STATES OF AMERICA, )
)
Defendants. )
)

DEPOSITION OF ALFRED ALOISI

Wednesday, October 31, 2007
9:20 a.m.

Reported By: CRAIG W. WOOD, RPR, CSR No. 9789

APPEARANCES

For the Plaintiffs:
FOLEY & LARDNER
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, DC 20007-5101
(202) 295-4017
BY: LAWRENCE G. McBRIDE

For the Defendant:
DEPARTMENT OF JUSTICE
Environmental & Natural Resources Division
601 D Street, N.W.
Washington, DC 20004
(202) 305-0238
BY: BRUCE K. Trauben

Also Present: Thomas Ferrero
Hilton Cass

---oOo---

INDEX

EXAMINATION BY: Page

Mr. Trauben 4

EXHIBITS

FOR THE DEFENDANT'S:

1 Quitclaim Deed 29
2 Tax Assessor Cards 47
3 Document 129
4 Letter 131

---oOo---

BE IT REMEMBERED that on Wednesday, October 31, 2007, commencing at the hour of 9:20 a.m., of said day, at the offices of Klamath National Forest, 1312 Fairlane Road, Yreka, California, before me, Craig W. Wood, a Certified Shorthand Reporter in and for the State of California, there personally appeared

ALFRED L. ALOISI,

who, being first duly sworn by me to tell the truth, was examined and testified as follows:

---oOo---

EXAMINATION

BY MR. TRAUBEN:

Q. Will you please state your name for the record.
A. Alfred L. Aloisi.
Q. And you go by Fred?
A. Yes, I do.
Q. As you know, my name is Bruce Trauben. I represent the United States, the defendant in this action.
A. Yes, Bruce, I've made your acquaintance.
Q. I'll have some questions for you today. And just as an overview of what we're going to do today, I'm going to ask you some general questions about the -- who the plaintiffs are and the status of the plaintiffs.

We'll go into the property interest of the plaintiffs. The knowledge of the owl. We'll talk about the various components that go into a takings case. So just to give you an overview of what we'll be discussing.

A. Thank you.

Q. And, also, we'll get into your prior deposition. I have some follow-up questions and some discovery responses.

A. Very well.

Q. I understand from discussions with your attorney, Mr. McBride, that Mr. Goodman has passed away.

A. Yes, he has.

Q. And do you know when?

A. Approximately three, four years ago. And I'm not certain of the exact date.

Q. When did you learn of his passing?

A. I would say three years ago.

Q. Do you know, was it sudden, his death?

A. No. It was -- I believe his health deteriorated over a considerable period of time. Don was diabetic and he had other problems, as well.

Q. Do you know whether his estate is still in probate?

A. I do not know.

Q. Do you know who is representing his estate?

# EXHIBIT 2

**U.S. Department of Justice**

Environment and Natural Resources Division

bkt
90-1-23-3261

*Natural Resources Section*
*P.O. Box 663*
*Ben Franklin Station*
*Washington, DC 20044-0663*

*Telephone (202) 305-0238*
*Facsimile (202) 305-0267*
*bruce.trauben@usdoj.gov*

January 15, 2008

**VIA FACSIMILE (202) 672-5399**
Lawrence G. McBride, Esq.
Foley & Lardner LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143

Re: Aloisi v. United States, CFC No. 95-650L

Dear Mr. McBride:

This letter is memorialize our agreement (conveyed through an exchange of voice mail messages on January 14-15, 2008) that Defendant may depose James Kendle, Donald C. Goodman (son of Plaintiff, Donald W. Goodman) and Myron Finkelstein after February 1, 2008 (the due date for dispositive motions), and that Defendant may supplement its motion papers (whether its opening brief, response or reply papers) based upon information obtained from those depositions as Defendant deems necessary.

Please contact me as soon as possible if the statement above is inconsistent with Plaintiffs' understanding of the agreement with respect to the depositions of Kendle, Goodman and Finkelstein, or if you have any questions or concerns.

Sincerely,

Bruce K. Trauben
Trial Attorney

cc: William Shapiro