# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | No. 95-650L |
| THE UNITED STATES, | ) | Judge Lawrence S. Margolis |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Rules 26, 33, and 34 of the Rules of the United States Court of Federal Claims, plaintiff is hereby requested to respond in writing and under oath to the following:

## DEFINITIONS AND GENERAL INSTRUCTIONS

Defendant adopts and incorporates herein by reference the definitions and instructions set out in Defendant's First Set of Interrogatories and Request[s] for Production of Documents to Plaintiffs served on October 24, 1997, as if fully set forth herein. Additionally, "mining claims" means unpatented mining claims and any mine on private lands that Plaintiffs allege were temporarily taken by Defendant. Where an interrogatory calls for information relating to each mining claim, or each mineral deposit, please clearly correlate the information provided to each of the mining claims or mineral deposit.

## INTERROGATORIES

INTERROGATORY NO. 1: For each and every mining claim that Plaintiffs contend was temporarily taken please identify:

a. the date upon which Defendant allegedly first temporarily took each mining claim (the "date of taking");

b. the sampling method used to collect each sample;

c. where and how each sample was stored upon collection through testing, specifying:

i. the container if any in which each sample was stored;

ii. whether the container was locked or stored in a locked facility;

d. the chain of custody of each sample; and

e. the equipment used to collect, transport and process the samples collected.

INTERROGATORY NO. 15: For each mining claim that Plaintiffs identified in response to Interrogatory No. 1.d., what governmental action(s) do you contend caused a temporary taking?

INTERROGATORY NO. 16: If Plaintiffs contend that the U.S. Forest Service approved a plan of operations authorizing Plaintiffs to extract, mill and sell gold obtained from anything other than a test milling operation, please identify the communication or document(s) which Plaintiffs contend granted that authority.

INTERROGATORY NO. 17: For each mineral deposit or resource allegedly found on each mining claim at issue, please state the gold recovery rate that Plaintiffs contend they attained, or were attainable, with the milling and processing equipment identified in response to Interrogatory No. 10.a.?

INTERROGATORY NO. 18: For each mineral deposit or resource allegedly found on each mining claim at issue, please describe the milling and gold recovery process that Plaintiffs used, or intended to use, to attain the gold recovery rates identified in response to Interrogatory No. 17.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST NO. 1: Please produce any and all documents relating to or reflecting the

$1,750,000 in costs allegedly incurred by Plaintiffs as set out in paragraph 24 of the Complaint.

REQUEST NO. 2: Please produce any and all documents regarding or reflecting any and all costs allegedly incurred by Plaintiffs in any way regarding the mining claims allegedly temporarily taken by Defendant, that were incurred in addition to the alleged costs identified in paragraph 24 of the Complaint.

REQUEST NO. 3: Please produce any and all documents reflecting or relating to any chemical or physical tests conducted on any ore samples collected from the alleged gold deposits on Plaintiffs' mining claims which Plaintiff contends were temporarily taken by Defendant, including but not limited to assays and/or metallurgical tests conducted by or on behalf of Plaintiffs at any time.

REQUEST NO. 4: Please produce any and all field and laboratory notes relating to all survey and sampling work conducted by or on behalf of Plaintiffs at the mining claims which Plaintiffs allege were temporarily taken by Defendant.

REQUEST NO. 5: Please produce all documents obtained by Plaintiffs, their agents or representatives that relate to or reflect the history of the mining district in which the mining claims are located, including but not limited to any and all historical records of the gold content of the ore, that have not previously been produced.

REQUEST NO. 6: Please produce any and all data relating to or reflecting the dimensions and quantity estimates of any gold deposit or resource in each mining claim that Plaintiffs allege was temporarily taken by Defendant.

REQUEST NO. 7: With respect to each and every gold deposit or resource found on each mining claim that Plaintiffs contend was temporarily taken, please produce any and all documents

consulted or referred to when responding to the Interrogatories propounded herein, whether or not the document was expressly referenced by Plaintiffs in any of their responses.

REQUEST NO. 20: Please produce any and all documents that relate to or reflect the basis or bases for Plaintiffs' temporary takings claims asserted in this action that have not been previously produced.

REQUEST NO. 21: Please produce any and all documents relating to the gold recovery rates that Plaintiffs contend they attained, or were attainable, with the milling and processing equipment identified in response to Interrogatory No. 10.a.

REQUEST NO. 22: Please produce any and all documents relating to the milling and gold recovery process that Plaintiffs may identify in response to Interrogatory No. 18.

REQUEST NO. 23: Please produce all documents that Plaintiffs may rely upon at trial.

Dated: July 31, 2007.

Respectfully submitted,

Bruce K Trauben

BRUCE K. TRAUBEN
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0238 Phone
(202) 305-0267/0506 Fax

WILLIAM SHAPIRO
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
501 I Street
Sacramento, CA 95814
(916) 930-2207

OF COUNSEL:
Rose Miksovsky, Esq.
Office of General Counsel
U.S. Department of Agriculture
33 New Montgomery St., 17th Fl.
San Francisco, CA 94105-3170
(415) 744-3158

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS** has been served this 31st day of July, 2007, electronically via e-mail, and via Federal Express overnight mail, postage prepaid, upon the following counsel of record:

Lawrence G. McBride, Esq.
Foley & Lardner LLP
Washington Harbour
3000 K St., N.W., Suite 500
Washington, DC 20007
e-mail: lmcbride@foley.com

Felecia Lesesne

FELECIA LESESNE