# EXHIBIT I

FILE
90-1-23-3261

10/24/97

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | No. 95-650L |
| THE UNITED STATES, | ) | Judge Lawrence S. Margolis |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

---

Pursuant to Rules 26, 33, and 34 of the Rules of the United States Court of Federal Claims, plaintiff is hereby requested to respond in writing and under oath within thirty (30) days from service to the following:

**GENERAL INSTRUCTIONS**

I. These interrogatories and requests for production of documents call for all relevant information (including information contained in or on writings, recordings, photographs or any other material) known or available to plaintiff(s), including all information in the possession of plaintiffs' attorneys, consultants, accountants, auditors, or other professional persons or experts, or investigators, or any other person acting on behalf of or under the direction or control of plaintiffs or plaintiffs' attorney.

II. These interrogatories and requests for production of documents shall constitute a

RECORD DEPARTMENT OF JUSTICE RECEIVED
OCT 29 1997
(2) ENRD



90-1-23-3261

continuing request for information so as to require responses to be supplemented as to (1) identity and location of persons having knowledge of these matters; (2) identity, subject matter and testimony of experts who may be called as witnesses at trial or otherwise relied upon by plaintiffs; (3) identity of facts, documents and other information or materials relating to these matters; (4) responses that were incorrect or incomplete when made; and (5) responses that have been rendered incorrect or incomplete by subsequent developments.

III. As used herein, the following terms shall have the following meanings:

1. "You" or "your" refers to any or all plaintiffs referenced in either or both of the complaints filed in the above-captioned actions, either individually or collectively, and all other officials, employees, agents or representatives of plaintiff(s).

2. "Person" means and includes, in the plural as well as in the singular and the masculine or the feminine, any natural person, firm, association, partnership, corporation, governmental entity, or any other entity, including all representatives of any such person(s).

3. "Expert" means any person with scientific, technical or other specialized knowledged whose information you have considered in preparation for the commencement of, or during the course of, this lawsuit, whether or not this person will be called as a witness during the trial of this action.

4. "Document" is used in the broadest sense of that term, and includes, but is not limited to, any printed, typewritten, or handwritten matter, including without limitation, letters, memoranda, telegrams, cables, facsimiles, reports, charts, business records, personal records, maps, pamphlets, handwritten notes, minutes of meetings, notes of meetings or conversations, catalogues, written agreements, and any carbon or photostatic copies of such material if plaintiff

does not have control or possession of the original. "Document" also includes any "writing" as that term is defined in Rule 1001(1) of the Federal Rules of Evidence. "Document" also includes information stored by a computer or on a computer disk, or other form of computer memory storage, as well as any electronic recording, tape recording, photograph, video, film, microfilm, microfiche, or similar recording of words, images, sounds, pictures, or information of any kind. "Document" also includes any and all amendments or supplements to any of the foregoing, whether prepared by plaintiff(s) or any other person.

5. "Oral communication" means and includes any face-to-face conversation, meeting, conference, telephone conversation, telephone conference, and communication by the use of any medium other than writing.

6. A request for the identification and description of a document shall be deemed to include a request for the following information with respect to that document:

A. The title of the document with sufficient particularity to enable the same to be identified;

B. The nature of the document (e.g., contract, letter, etc.);

C. The date of the document;

D. The date the document was executed, if different from the date it bears;

E. The identification, in the manner described in paragraph 11 below, of each person or entity to whom the document is addressed or to whom copies were sent;

F. The identification, in the manner described in paragraph 11

below, of each person who signed the document or over whose name it was issued;

G. Any file number or other identifying information used in connection with the document;

H. The physical description of the document, including the number of pages;

I. The present location of the original of the document;

J. The identification, in the manner set forth in paragraph 11 below, of all persons having possession, custody, or control of the original of the document;

K. The location of copies of the document; and

L. The identification, in the matter set forth in paragraph 11 below, of any and all person(s) who have possession or control of copies of the document.

All of the above subparts except I, J, K and L may be satisfied by attaching a legible copy of the document to your answer hereto, and labeling each such copy with the numbers of each interrogatory to which it is responsive.

7. A request for the identification and description of an oral communication shall be deemed to include a request for the following information with respect to that oral communication:

A. The identification, in the manner described in paragraph 11 below, of each person who participated in or heard any part of said

communications;

B. The date of the communication;

C. The medium used for such communication (e.g., in person, by telephone, etc.);

D. The substance of what was said by each person participating in the communication; and

E. The identification, in the manner described in paragraph 9 above, of each document which records, summarizes, confirms or in any manner refers to the communication.

8. A request for the identification of a person shall be deemed to include a request for the following information with respect to that person:

A. His full name;

B. His address (business or residence);

C. His telephone number (business or residence);

D. His present employer and occupation or business; and

E. His employer and occupation or business on the date on which the facts or transactions referred to occurred and the capacity in which he was then serving.

9. A request to state all facts upon which a response to an interrogatory is based includes a request to:

A. Identify each fact, circumstance, event, or information upon which you base that response;

B. Identify and describe each document upon which you base that response;

C. Identify and describe each and every oral communication upon which you rely in support of your response;

D. Identify each person whom you believe has any knowledge of any of such facts, circumstances, events, information or documents; and

E. State if you rely upon no document or oral communications in support of your response, or if no persons have knowledge of any of the facts, circumstances, events, information, documents or oral communications involved therein.

IV. If you do not answer any interrogatory or part thereof on the basis of a privilege, state the privilege you are asserting and all facts which support your assertion of the privilege including, for a conversation, the date and place of the conversation, and including for a document, the date of the document, who prepared it, to whom it was distributed, the type of document, and the subject matter of the document.

V. If you cannot answer an interrogatory completely, please answer those parts you are able to answer and designate those parts you cannot completely answer and the reason why you cannot so answer.

Dated: October 24, 1997.

Respectfully submitted,

Susan V Cook

SUSAN V. COOK
General Litigation Section
Environment & Natural
Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0470
Fax (202) 305-0506

**CERTIFICATE OF SERVICE**

I here certify that a copy of the foregoing:

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

has been served upon counsel by United States first-class mail, postage prepaid, properly addressed, this 24th day of October, 1997, to:

Lawrence G. McBride
Freedman, Levy, Kroll & Simonds
1050 Connecticut Ave., N.W., Ste. 825
Washington, D.C. 20036

Felecia Lesesne
FELECIA LESESNE