# EXHIBIT J

# UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| | ) | No. 95-650L |
| Plaintiffs, | ) | |
| | ) | Judge Lawrence S. Margolis |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## SUBPOENA DUCES TECUM

TO: Myron Finkelstein
9 Ronarm Drive
Apt. A
Mountain Lakes, NJ 07046-1417
Morris County, New Jersey

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment.

| PLACE | DATE AND TIME |
|---|---|
| Via Overnight Delivery:<br>Bruce K. Trauben<br>ENRD/NRS<br>601 D Street, NW, Room 3607<br>Washington, D.C. 20004<br>(Please call for FedEx Billing No.)<br><br>Or at another place, date and time to be agreed upon by the parties and the witness. | To be produced by:<br><br>November 9, 2007 |
| | |
| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant Bruce Trauben by and with permission | Date: 11/2/07 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Bruce K. Trauben, (202) 305-0238

STREET ADDRESS (TO BE USED FOR OVERNIGHT DELIVERY):
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm 3207
Washington, DC 20004

MAILING ADDRESS:
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, DC 20044

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as

optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

## PROOF OF SERVICE

| | |
|---|---|
| DATE: | PLACE: |
| SERVED: | |
| SERVED ON (PRINT NAME): | MANNER OF SERVICE: |

DECLARATION OF SERVICE: I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ______________________
DATE

______________________________
SIGNATURE OF SERVER

______________________________
ADDRESS OF SERVER

Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.

RCFC 45.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden,

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT TO SUBPOENA**

Please produce a copy of the following documents in your possession or control (including documents in the possession or control of any of your agents, representatives, employees, attorneys or counsel) relating to the following:

1. Any and all documents relating to Dynatech Corporation or Energel, Inc.

2. Any and all documents relating to Liberty Mining, Inc.

3. Any and all documents relating to assays for gold found in any placer or lode deposits located in the Eddy Gulch region of the Klamath National Forest.

4. Any and all documents relating to any metallurgical studies conducted on any placer or lode gold deposits located in the Eddy Gulch region of the Klamath National Forest;

5. Any and all documents relating to the mobilization of any metals or other compounds from any actual or potential mine tailings or mine waste located in the Eddy Gulch region of the Klamath National Forest;

6. Any and all documents relating to quantity of gold deposits and/or reserves located in the Eddy Gulch region of the Klamath National Forest;

7. Any and all documents relating to the location of any gold deposits and/or reserve located in the Eddy Gulch region of the Klamath National Forest;

8. Any and all documents relating to any study or analysis of the costs arising from any actual or potential mining operation, from exploration through reclamation located in the Eddy Gulch region of the Klamath National Forest;

9. Any and all documents relating to any leases of the mine or mining claim located in the Eddy Gulch region of the Klamath National Forest;

10. Any and all documents relating to any decision regarding whether or not to engage in mining activities located in the Eddy Gulch region of the Klamath National Forest;

11. Any and all documents relating to any sales of gold or gold-bearing ore extracted from the Mountain Laurel mine;

12. Any and all documents relating to the costs associated with exploration, development, and/or production of gold or gold-bearing ore from the Mountain Laurel mine;

13. Any an all documents relating to any mining activities conducted at the Mountain Laurel mine; and

14. Any and all documents reflecting or containing communications between you and Alfred Aloisi, Candis Aloisi, Donald W. Goodman, Energel, Inc., Dynatech Corporation, James

Kendle, Liberty Mining, Inc., or Liberty Consolidated Mines, Inc., including any of their agents, representatives, employees, or attorneys.

15. Any and all deeds, leases, agreements relating to property interests conveyed to or from Alfred Aloisi, Candis Aloisi, Donald W. Goodman, Energel, Inc., Dynatech Corporation, James Kendle, Liberty Mining, Inc., or Liberty Consolidated Mines, Inc., including any of their agents, representatives, employees, or attorneys.