**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 95-650L |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Lawrence S. Margolis |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF DECISION**

On May 14, 2007, the parties filed a Joint Interim Status Report informing the Court of the decision by Administrative Law Judge Holt that the Office of Hearings and Appeals ("OHA") does not have jurisdiction to decide the validity of the mining claims as of the date of the alleged taking. See Joint Interim Status Report (Dkt. No. 93). Recently, the Interior Board of Land Appeals held to the contrary, concluding that OHA has the necessary jurisdiction to determine the validity of unpatented mining claims as of the alleged dates of taking, in United States v. Freeman, IBLA No. 2007-259. A copy of the IBLA's decision is attached as Exhibit A. Like this case, Freeman involves the alleged taking of unpatented mining claims, and is stayed in the Court of Federal Claims pending resolution of the validity of those mining claims by OHA. See Freeman v. United States, CFC No. 01-39L, Order (Oct. 10, 2001).

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Bruce K. Trauben
BRUCE K. TRAUBEN
Natural Resources Section

Environment and Natural Resources Division
U. S. Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
(202) 305-0238 (ph)
(202) 305-0506 (fax)
*Attorney for Defendant*

Dated: June 23, 2008

# EXHIBIT A

# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
Interior Board of Land Appeals
801 N. Quincy St. Suite 300
Arlington, VA 22203

703 235 3750 703 235 8349 (fax)

UNITED STATES
v.
WALTER B. FREEMAN

IBLA 2007-259 Decided May 7, 2008

Interlocutory appeals from an order of Administrative Law Judge Harvey C. Sweitzer holding that he did not have jurisdiction or authority, in a mining claim contest, to determine the validity of mining claims as of alleged takings dates. Contest No. OR-48970A.

Permission for interlocutory appeals granted; request for expedited consideration granted; order reversed in part and affirmed in part; case remanded.

1. Administrative Authority: Generally--Mining Claims: Contests--Mining Claims: Determination of Validity--Mining Claims: Discovery: Generally--Rules of Practice: Government Contests

   An administrative law judge in a mining claim contest has the necessary jurisdiction and authority to determine the validity of mining claims as of the dates of alleged takings, without compensation, of the claims in violation of the Fifth Amendment to the U.S. Constitution.

2. Administrative Authority: Generally--Mining Claims: Contests--Mining Claims: Determination of Validity--Mining Claims: Discovery: Generally--Rules of Practice: Government Contests

   The contest complaint properly determines the scope of the issues to be addressed in a mining claim contest, and a decision by an administrative law judge holding that claim validity as of the date of the hearing is not at issue will be affirmed when the contest complaint does not include such a charge.

APPEARANCES: Richard M. Stephens, Esq., and John M. Groen, Esq., Bellevue, Washington, for Walter B. Freeman; Bradley Grenham, Esq., and Brian J. Perron, Esq., Office of the Regional Solicitor, U.S. Department of the Interior, Portland, Oregon, for the Bureau of Land Management.

OPINION BY CHIEF ADMINISTRATIVE JUDGE HOLT

Walter B. Freeman and the Bureau of Land Management (BLM), acting on behalf of the United States, have each filed an interlocutory appeal from an August 10, 2007, Order of Administrative Law Judge Harvey C. Sweitzer (ALJ Order), in a mining claim contest (No. OR-48970A) brought by BLM challenging the validity of Freeman's 161 unpatented placer and association placer mining claims, located in surveyed and unsurveyed T. 40 S., Rs. 8-10 W., Willamette Meridian, Josephine and Curry Counties, Oregon. Judge Sweitzer found first that the Department of the Interior has no authority to initiate a contest, and the Office of Hearings and Appeals (OHA) has no jurisdiction to resolve such a contest, based upon a charge of no discovery as of the dates of alleged Fifth Amendment takings. Judge Sweitzer also found that the complaint filed in a contest defines the issues for the contest, and that the complaint in this case does not raise the issue of a discovery on the date of the hearing.

Judge Sweitzer certified both his rulings for interlocutory appeal, pursuant to 43 C.F.R. § 4.28. Freeman and BLM have requested our expedited consideration of their appeals, and, for good cause shown, that request is granted.

Because we find that the Department may initiate a contest and that OHA has the necessary jurisdiction to determine the validity of unpatented mining claims as of alleged takings dates, we reverse that part of the ALJ Order. Because we find that the complaint defines the issues for a contest, we affirm that part of the ALJ Order.

## *I. Introduction*

Many of the underlying details of Freeman's quest to receive patent and to mine his claims are not directly pertinent to this appeal, and so the following brief introduction will suffice.

Freeman's predecessors-in-interest located the 161 unpatented mining claims from 1940 to the early 1970s on approximately 4,968 acres of Federal land administered by BLM and the United States Forest Service (USFS), the majority of the lands being part of the Siskiyou National Forest. Freeman later filed, on September 9, 1992, an application (No. OR-48970) seeking patent to 151 of the

161 claims.[1] Effective October 1, 1994, Congress placed a moratorium on the processing of patent applications for unpatented mining claims with the enactment of section 112 of the Department of the Interior and Related Agencies Appropriations Act of 1995, Pub. L. No. 103-332, 108 Stat. 2499, 2519 (1994). Freeman states that BLM, by letter dated December 14, 1994, notified patent applicants that because of the Congressional moratorium it would not process patent applications that had not yet received the first half of the final certificate. BLM has since refused to process Freeman's application.

On December 17, 1992, Freeman filed a plan of operations (POO) with the USFS, proposing to sample and mine his claims. After several delays by the USFS and intervening administrative appeals by Freeman, the USFS denied his POO, rejecting his last appeal on October 11, 2000.

On January 22, 2001, Freeman filed a lawsuit, *Freeman v. United States*, No. 01-39L, in the U.S. Court of Federal Claims, alleging that the United States had, by refusing to approve his patent application and by effectively denying approval of his POO, engaged in a taking of his property rights under the mining claims without the payment of just compensation, in violation of the Fifth Amendment to the U.S. Constitution. The court issued an order on October 10, 2001, suspending proceedings in the case and remanding the case to the United States Department of the Interior "for determination of validity of plaintiff's mining claims." Order, *Freeman v. United States*, No. 01-39L (Fed. Cl.), Oct. 10, 2001 (Ex. 82 attached to BLM Statement of Reasons (BLM SOR)), at 1.

On March 16, 2005, BLM, on behalf of USFS, initiated a contest against the 151 mining claims listed in the patent application and 10 additional claims,[2] filing a complaint alleging (1) that minerals have not been found on any of the mining claims in sufficient qualities or quantities to constitute a discovery, and that any minerals found thereon could not have been marketed at a profit as of either 1994 or 2000; and (2) the land encompassed by the claims is non-mineral in character. BLM has explained that 1994 and 2000 represent the years when the alleged takings occurred, noting that "the parties conferred and stipulated that the validity determination would cover the dates of the two events Mr. Freeman alleges in his complaint before the Court of Federal Claims resulted in a taking of his property. Those two dates are

---

[1] Although Freeman filed a patent application, that application has not been processed by BLM and is not at issue in the contest.

[2] BLM brought the contest against Freeman, also naming Blanche E. Freeman, R. Tippy, and Roger Webb as contestees, based on their alleged ownership or assertion of ownership in the 161 claims. In responding to the complaint, Freeman stated that he was the only party who owned or asserted ownership in the claims.

October 1994 [date Congress enacted the patent moratorium] and October 2000 [date USFS rejected Freeman's POO]."[3] BLM Notice of Interlocutory Appeal at 2. As relief, BLM's Complaint requested that the mineral entry be cancelled and/or the claims be declared null and void.

After extensive pre-hearing discovery, Judge Sweitzer conducted a 25-day hearing that ultimately produced over 400 exhibits and 3,400 transcript pages of testimony. Before the end of the hearing, Judge Sweitzer raised, *sua sponte*, serious concern over his jurisdiction to determine the validity of the claims as of the alleged takings dates. Order, dated May 3, 2007, at 2. Even though both BLM and Freeman argued that Judge Sweitzer did have such jurisdiction, Judge Sweitzer subsequently issued the ALJ Order currently at issue.

In the ALJ Order, Judge Sweitzer ruled that he had no jurisdiction to determine the validity of the mining claims as of the alleged takings dates, absent a showing that these dates coincided either with the date of hearing or, if Freeman complied with all the patent requirements, the date of compliance. ALJ Order at 1, 8, 15. He explained that it was well established that, in the case of the filing of a patent application, the validity of the applicable claim was properly determined as of the date the claimant complied with the discovery and other requirements for patent *and* as of the date of the hearing. *Id.* at 5. He concluded that "the Department has no authority to initiate a contest, and this office has no jurisdiction to resolve a contest, based upon the charge that no discovery existed on each mining claim as of [the alleged takings dates in] 1994 or 2000[.]" ALJ Order at 13; *see id.* at 5-6, 8-9.

Judge Sweitzer also ruled on Freeman's argument, opposed by BLM, that regardless of whether he had jurisdiction to determine the validity of the claims as of the alleged takings dates in 1994 and 2000, he should decide whether the claims were valid *at the time of the hearing*. Judge Sweitzer held that the validity of the claims at the time of the hearing was not at issue, since BLM's contest complaint did not challenge the validity of the claims as of the time of the hearing, and BLM limited its case-in-chief to validity as of the alleged takings dates. ALJ Order at 4, 14.

In the ALJ Order, Judge Sweitzer certified for interlocutory appeal pursuant to 43 C.F.R. § 4.28 his ruling that he lacked jurisdiction to determine validity as of the alleged takings dates. The judge later issued an August 29, 2007, Order, certifying his ruling that validity as of the hearing date was not at issue in the present contest

---

3 Freeman views this agreement less strictly. "At most, Freeman agreed that the 1994 and 2000 date [sic] would be appropriate for consideration in the mineral examination process because those dates would likely be useful to the Court of Federal Claims." Freeman Post-Hearing Reply Brief at 2.

proceeding. Judge Sweitzer deferred ruling on the validity of the claims pending a final resolution by the Board on the question of jurisdiction.

Freeman and BLM each filed an interlocutory appeal from the ALJ Order. BLM challenges the judge's ruling regarding jurisdiction to determine validity as of the alleged takings dates, and Freeman challenges the judge's ruling regarding authority to determine validity as of the hearing date.[4] *See* Stipulated Request to Modify Briefing Schedule, dated Sept. 19, 2007, at 1.

We hereby grant permission for the interlocutory appeals, since we agree that Judge Sweitzer's two rulings involve controlling questions of law and immediate appeals therefrom may materially advance a final decision. *See* 43 C.F.R. § 4.28.

## *II. Analysis*

### *A. Jurisdiction to Determine Validity of Claims*

The initial issue before the Board is not whether Freeman's 161 mining claims are valid. Judge Sweitzer has yet to render any findings or conclusions concerning claim validity. Rather, the present interlocutory appeals involve whether or not the Department can initiate a contest and an ALJ can determine the validity of mining claims as of the date of alleged takings. We find that the answer is clearly yes.

A valid mining claim is one that satisfies applicable statutory and regulatory requirements, initially including the physical marking on the ground of claim boundaries, the posting and recording of notices, and the discovery of a valuable mineral deposit[5] within the claim boundaries. *See* 30 U.S.C. §§ 21-54 (2000). All of these acts, when satisfactorily accomplished, constitute the "location" of a mining claim and give rise to a property interest held by the claimant. "'Location' is the inception of the miner's title to the public land claimed in the location notice or certificate, and it is the date of such 'location' from which the miner's title runs." *Mrs. George G. Wagner*, 63 IBLA 146, 149-50 (1982).

---

[4] Despite initially agreeing with BLM that Judge Sweitzer has jurisdiction to determine validity as of the alleged takings dates, *see* Freeman Post-Hearing Brief, dated June 29, 2007, at 7, 12, Freeman now asserts that the ALJ lacks such jurisdiction, *see* Freeman Statement of Reasons at 12.

[5] "[A]ll valuable mineral deposits in lands belonging to the United States . . . shall be free and open to exploration and purchase, and the lands in which they are found to occupation and purchase, by citizens of the United States and those who have declared their intention to become such." 30 U.S.C. § 22 (2000).

Presumptively, no location can be made or exists until the discovery of valuable minerals.[6] However, "in the absence of an intervening right it is no objection that the usual and statutory order is reversed. In such a case the location becomes effective from the date of discovery; but in the presence of an intervening right it must remain of no effect." *Cole v. Ralph*, 252 U.S. 286, 296 (1920); *see United States v. Carlile*, 67 I.D. 417, 420 (1960) ("Discovery normally precedes location but discovery may follow location and give validity to the claim as of the time of discovery, provided no rights of third parties have intervened."). Vested property rights against the United States arise only *after* such a discovery. *Cole v. Ralph*, 252 U.S. at 296; *Davis v. Nelson*, 329 F.2d 840, 845 (9th Cir. 1964) ("[I]t is clear that under both the mining law and the regulations that a discovery of valuable mineral is the sine qua non of an entry to initiate vested rights against the United States.").

[1] The Department's authority to determine claim validity as of any point in time has long been recognized by the courts. Until the lands encumbered by mining claims are conveyed out of Federal ownership, the Secretary may contest the validity of those claims so that "valid claims may be recognized, invalid ones eliminated, and the rights of the public preserved." *Cameron v. United States*, 252 U.S. 450, 460 (1920). Even Judge Sweitzer acknowledges that "the Secretary may challenge the validity of a mining claim at any point in time so long as title remains in the United States." ALJ Order at 9 (citing *Cameron v. United States*, 252 U.S. at 460, and *United States v. White*, 118 IBLA 266, 308-09, 98 I.D. 129, 151-52 (1991)). The Secretary, through BLM and "under the grant of authority to supervise public business on public lands, including mines, has power and authority to initiate a contest . . . . Such authority is not dependent upon the assertion by the United States of some other use for or the existence of some contemplated public project involving the public lands in question." *Davis v. Nelson*, 329 F.2d at 846. The supervision of that public business surely encompasses providing assistance to the United States in resolving a takings lawsuit that arises out of mineral entries on public lands.[7]

Judge Sweitzer cautions, however, that under 43 C.F.R. § 4.451-1, a Government contest may be brought only "for any cause affecting the legality or

---

[6] "[N]o location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located." 30 U.S.C. § 23 (2000).

[7] The Secretary's initiating a contest to determine claim validity to assist the Court of Federal Claims in takings litigation against the United States is similar conceptually, even if the relevant dates may be different, to the Secretary's initiating a contest to determine claim validity to assist federal district courts in condemnation litigation on behalf of the United States, which assistance has been freely given. *See, e.g., United States v. Copple*, 81 IBLA 109 (1984); *United States v. Pool*, 74 IBLA 37 (1983); *United States v. Connor*, 72 IBLA 254 (1983).

validity of any . . . mining claim." He then concludes that the existence of valuable minerals as of alleged takings dates does not affect the legality or validity of the claims at issue, so a contest may not address that question. ALJ Order at 7. We disagree.

Judge Sweitzer explains his conclusion by stating that, in the absence of a withdrawal of the land from entry under the mining laws, a claimant may make a discovery and validate a mining claim after any such date, even after contest proceedings have begun.[8] *Id.* (*citing United States v. Foster*, 65 I.D. 1, 5-6 (1958), *aff'd, Foster v. Seaton*, No. 344-58 (D.D.C. Dec. 5, 1958), *aff'd*, 271 F.2d 836 (D.C. Cir. 1959)). That fact, however, does not alter our view that there is nothing in the applicable statutes, Departmental regulations, or case law that restricts mining contests in the manner suggested by Judge Sweitzer.[9] A claim that is not supported by a discovery as of the alleged takings dates would be invalid *at that time* under the mining laws, and the Government can surely bring a contest on that basis pursuant to 43 C.F.R. § 4.451-1. An ALJ, as the delegate of the Secretary for purposes of determining claim validity, may certainly adjudicate validity as of such dates.[10]

---

[8] Judge Sweitzer, however, fails to mention the other necessity for validation of a previously located claim: the absence of intervening rights. By initiating a mining claim contest, the Department is asserting the Unites States' competing property interest against that of the claimant. If the claimant does not prove a discovery during the contest hearing, then the claimant's entire location falls before the superior interest of the United States, regardless of the date for which validity has been challenged. *See Gwillim v. Donnellan*, 115 U.S. 45, 50 (1885) ("If the title to the discovery fails, so must the location which rests upon it."). Assuming the lands remain open to entry under the mining law, the unsuccessful claimant then "has the same status as anyone seeking to make a mining location." *United States v. Carlile*, 67 I.D. at 423; *accord United States v. Bartels*, 6 IBLA 124 (1972).

[9] The Board has upheld numerous contest decisions in which the contestant's complaint alleged invalidity only as of a date years prior to the date of the hearing. *See, e.g., United States v. Clear Gravel Enterprises, Inc.*, 2 IBLA 287 (1971); *United States v. Stewart*, 1 IBLA 161 (1970) (Board affirmed decision invalidating claims based upon a lack of discovery as of a date years prior to the hearing, and rejecting claimant's assertion that validity should be determined as of the date of filing the contest complaint). The Board also has affirmed a contest decision invalidating a claim as of a date stipulated by the parties that was years before the hearing. *United States v. Bartlett*, 2 IBLA 275 (1971).

[10] In the instant case, if Judge Sweitzer were to rule that Freeman failed to prove a discovery as of the takings dates, then Freeman's locations would fail. But, if the lands remain open to mineral entry, Freeman would still be free to relocate the

(continued...)

Accordingly, we find that the Secretary, through BLM, has the authority to bring a contest to determine the validity of mining claims as of the dates of alleged takings, and that Judge Sweitzer has jurisdiction and authority to adjudicate such a contest.

*B. Scope of the Contest*

Freeman has appealed Judge Sweitzer's ruling that the validity of the claims as of the hearing date was not at issue before him because such a charge was not included in BLM's contest complaint.

[2] This Board has held that adjudication of a mining claim contest is properly confined to the issues identified by the contest complaint, or which were raised at the hearing and not objected to by the claimant. *United States v. McElwaine*, 26 IBLA 20, 24-27 (1976); *United States v. Northwest Mine & Milling Inc.*, 11 IBLA 271, 274 (1973). These decisions are consistent with the regulations governing contests, which require that a contest complaint include, among other things, "[a] statement in clear and concise language of the facts constituting the grounds of contest." 43 C.F.R. § 4.450-4(a)(4). In addition, "issues not raised in a complaint may not be raised later by the contestant unless the administrative law judge permits the complaint to be amended after due notice to the other parties and an opportunity to object." 43 C.F.R. § 4.450-4(b).

BLM's contest complaint stated the following specific charges:

1. Minerals have not been found on any of the 161 mining claims in sufficient qualities or quantities to constitute a discovery. Any minerals could not have been marketed at a profit as of either 1994 or 2000.

2. The lands encompassed by the 161 mining claims are non-mineral in character.

It is clear that BLM's contest complaint alleged the absence of a discovery only as of the asserted takings dates in 1994 and 2000, consistent with the agreement between BLM and Freeman. As there were no amendments to the complaint proposed by BLM or approved by Judge Sweitzer,[11] it would have been error for

---

[10] (...continued)
claims, as would be the case even if Judge Sweitzer specifically ruled that there was no discovery as of the date of the hearing.

[11] In addition, as noted by Judge Sweitzer, "[c]onsistent with that allegation's
(continued...)

Judge Sweitzer to proceed unilaterally and decide the contest on the issue of validity of the claims as of the date of the hearing. *Harold Ladd Pierce*, 3 IBLA 29, 39-41 (1971).[12] Accordingly, we conclude that Judge Sweitzer properly held that the validity of the 161 claims as of the hearing date was not at issue because the contest complaint did not include such a charge.

Therefore, pursuant to the authority delegated to the Board of Land Appeals by the Secretary of the Interior, 43 C.F.R. § 4.1, we grant permission for the interlocutory appeals from the ALJ Order and grant appellants' request for expedited consideration. The ALJ Order is reversed in part and affirmed in part, and the case is remanded to Judge Sweitzer for further action consistent with this decision.

H. Barry Holt
Chief Administrative Judge

I concur:

Bruce R. Harris
Deputy Chief Administrative Judge

---

[11] (...continued)
language, the Contestant's case-in-chief focused exclusively on whether a discovery existed in October 1994 and in October 2000." ALJ Order at 14.

[12] "Since no new charges were incorporated by amendment and no new issues were stipulated, it was error for the hearing examiner to proceed with and decide the contest on his unilateral determination, announced at the hearing over contestee's objection, that the issue was whether the material on the claims is a common variety under the act of July 23, 1955." 3 IBLA at 39.