IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 95-650L |
| UNITED STATES OF AMERICA, | ) | Hon. Lawrence S. Margolis |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO SUBSTITUTE SUCCESSORS, AND RESPONSE TO DEFENDANT'S MOTION TO DISMISS, WITH RESPECT TO PLAINTIFF DONALD W. GOODMAN**

Plaintiffs respectfully move under Rule 25 of the Rules of the Court of Federal Claims to substitute Plaintiff Donald W. Goodman's three children, his heirs, as successors for him as Plaintiffs in this case, and in this same filing oppose Defendant's Motion to Dismiss Plaintiff Donald W. Goodman from the case in consequence of Defendant's "Suggestion of Death" filed earlier in this case. Plaintiffs recognize, as described in Defendant's motion (Dkt. 138), that its initial Rule 25 notice was filed November 20, 2007 (Dkt 103). Therefore, Plaintiffs further seek leave here to make this motion, by leave of Court, out of time as indicated by Rule 25.

1. Donald W. Goodman's heirs and successors. The three persons who would thus substitute for the late Donald W. Goodman are his three children: Ms. Kim Beebe, Mr. Donald C. Goodman, and Ms. Jodie Stevenson. These three were his successors and heirs, and each a one-third beneficiary of his estate, as described by the administrator of Mr. Donald W. Goodman's estate. In support of this Motion and Opposition, Plaintiffs file the second Affidavit

of Myron Finkelstein. Mr. Finkelstein executed an affidavit that was filed in Plaintiffs' response to Defendant's Motion to Compel the deposition of plaintiff Energel Inc. (Dkt 114-2). In his first affidavit, Mr. Finkelstein described his long-standing working relationship to the late Donald W. Goodman, as accountant and tax preparer for Mr. Goodman and the family of blasting and other businesses that Mr. Goodman managed and controlled.

Mr. Finkelstein, as his second Affidavit (consistent with his April deposition testimony) establishes, also administered the late Donald W. Goodman's estate. In light of the relevant provisions of New Jersey law, this administration did not require judicial filing, supervision or approval, as the value of the estate was under the State's threshold for judicial filing, supervision or approval.

Per Mr. Finkelstein's second Affidavit, the late Mr. Goodman's will divided his estate in one-third shares, one third for each of his three surviving children. The three surviving children – Mr. Goodman's successors – are Ms. Kim Beebe of Port Jervis, New York, Mr. Donald C. Goodman of North Plainfield, New Jersey, and Ms. Jodie Stevenson of Craftsbury, Vermont. By this Motion they seek to succeed, in these one-third shares, to their late father's position and interest in this case (Dkt 114-2, ¶ 5).

In the case of Ms. Kim Beebe, this one-third succession to the interest of Mr. Donald W. Goodman is apart from any interest she may have as an officer of plaintiff Energel Inc., which position she assumed prior to her father's death. Likewise, in the case of Mr. Donald C. Goodman, this one-third succession to the interest of Mr. Donald W. Goodman is apart from any interest he may have in Dynatech Corp., for which he served, in the absence of his father, as its Rule 30(b)(6) witness in this case. Energel Inc. and Dynatech Corp. were dormant corporate entities as of the time of Donald W. Goodman's death. To the extent that either entity might be

activated from dormancy consistent with the laws of its incorporation, the three named successors to Donald W. Goodman are presumptively each the owner of one-third of the shares of the stock of each entity formerly held by Donald W. Goodman at the time of his death.

2. Cause for granting the motions. While Plaintiffs did not file with the period immediately following Defendant's Notice, this Motion and filing are made while the case is essentially in the same posture as it was then, and as it has been since the Stay was lifted and the parties agreed to prepare and submit to the Court dispositive motions – the parties now as then have their merits positions and arguments maintained in their dispositive motions, and then as now are not informed by any ruling of the Court with respect to their merits positions. Plaintiffs' delay was not derived from or motivated by any advantage or change in position in this intervening period.

The granting of this motion (both as to naming successors, and as to leave to file now) cannot be prejudicial to Defendant with respect to the simple underlying question presented by the pending motions, whether Defendant is liable for a temporary taking to Plaintiffs on the facts and record presented to this Court. As Rule 25 provides, an action does not abate where there are multiple plaintiffs, whatever happens with respect to the successors of the plaintiff who dies during the course of the case. This case has of course not abated, and will not, however these motions are resolved. Plaintiffs' case for Defendant's liability, briefed this spring and argued June 25, is no more or less strong with this substitution of successors.

In addition, there appears to be little or no prejudice to Defendant on the issue of Plaintiffs' establishing or not establishing property ownership and control, and right of use, on this record with this substitution of successors. To the extent Defendant insists that title ownership of property at the relevant dates is critical to one's "interest" in the outcome,

dismissing Donald W. Goodman, the individual, does not significantly affect Plaintiffs' or Defendant's position. The record establishes that Mr. Goodman directed significant investment to the Eddy Gulch mining project, much of it through the blasting and other companies he owned, operated and controlled (e.g., JA-98). This is the role described and acknowledged by Plaintiff Aloisi in his first Affidavit (PE-1), ¶s 13-15. Likewise, the record reflects that Mr. Goodman did not, in his individual capacity, take title to any significant fraction of the mining claims or other property involved in the case. His controlled company Energel did take title (see JA-115, at 1116 and 1120) and took conveyance to other interests, but Mr. Goodman individually did not.

WHEREFORE, Plaintiffs respond to Defendant's Motion to Dismiss the late Donald W. Goodman (Dkt 138), and in turn in this same filing Move to Substitute his three heirs and successors under Rule 25, and further Move for the order granting substitution also to grant Plaintiffs' leave to file this Motion at this time, beyond the time that would be otherwise provided under Rule 25 in this case, as to the late Donald W. Goodman.

Dated: June 30, 2008

Respectfully submitted,

s/ Lawrence G. McBride

Lawrence G. McBride
FOLEY & LARDNER LLP
3000 K St., N. W., Suite 500
Washington, D.C. 20007-5143
Telephone: (202) 672-5300
Facsimile: (202) 672-5399

Attorney for Plaintiffs