# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 95-650L |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Lawrence S. Margolis |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT OF MYRON FINKELSTEIN

I, Myron Finkelstein, being sworn, do declare and state as follows:

1. I am the same Myron Finkelstein who in January 2008 executed an Affidavit for the purposes of the captioned case. I provided that Affidavit in connection with my position as an officer of Energel Inc., as of its most recent filing with the corporation offices. In that Affidavit I also described my work as accountant and tax return preparer for Donald W. Goodman and the blasting and other companies that he ran and controlled.

2. I understand my January 2008 Affidavit was filed in the captioned case in connection with Plaintiffs' response to a motion filed by Defendant regarding plaintiffs Energel Inc. and Dynatech Corp. I have reviewed that Affidavit, and all representations were then true and remain true.

3. I was also deposed in this case on April 24, 2008, by Mr. Trauben of the Justice Department. During that deposition, Mr. Trauben asked and I answered questions about how

well I knew Mr. Goodman, and my relationship to him. That deposition did cover some of what I describe more fully here.

4. Prior to Donald W. Goodman's death, on a visit to his office, his office manager provided me a copy of a letter of appointment naming me the administrator of Mr. Goodman's estate. I am currently unable to find a copy of this letter of appointment in my files. After his death, I administered his estate, but there was essentially nothing other than personal effects involved. His chief asset was a whole life insurance policy. That policy was paid to the named beneficiaries, outside the estate, and the named beneficiaries were his three surviving children, one-third each.

5. Under New Jersey law of succession, Mr. Goodman's estate was nowhere close to the asset value threshold that requires judicial filing and supervision, which was then $675,000. So I administered Donald W. Goodman's estate without any requirement for judicial filing or supervision, and the insurance proceeds were paid outside of my administration.

6. Donald W. Goodman's will provided that his estate be distributed to his heirs, his three living children. (Mr. Goodman had a fourth child, a daughter, who predeceased him, without heirs.) His heirs and successors were and are: Ms. Kim Beebe of Port Jervis, New York; Mr. Donald C. Goodman of North Plainfield, New Jersey; and Ms. Jodie Stevenson of Craftsbury, Vermont.

7. In administering his estate, I concluded that the value of Mr. Goodman's interest in "the gold mine case," as we called it, was a contingent asset not capable of valuation or liquidation for distribution at that time. Thus his interest in this case, as with his interest in any asset or potential asset, was distributed by succession one-third each to his surviving children, that is, to Kim Beebe, Donald C. Goodman, and Jodie Stevenson.

[signature]
(signature)

Subscribed and sworn to before me by MYRON FINKELSTEIN (print name) on this 30th day of June 2008.

State of New Jersey
Morris
(County)

[signature]
Notary Public
My commission expires

CHRISTINA J. WHITAKER
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MAY 12, 2012