**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | No. 95-650L |
| THE UNITED STATES, | ) | Judge Lawrence S. Margolis |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**DEFENDANT'S CONSOLIDATED REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF DONALD W. GOODMAN AND OPPOSITION TO PLAINTIFFS' MOTION OUT OF TIME TO SUBSTITUTE SUCCESSORS**

Defendant, the United States, hereby submits its consolidated reply in support of its Motion to Dismiss Deceased Plaintiff, Donald W. Goodman, Upon Failure to Timely Substitute Parties ("Def.'s Motion to Dismiss Donald W. Goodman") (Dkt. No. 138) and opposition to Plaintiffs' Motion to Substitute Successors (Dkt. No. 142), pursuant to the Court's Order filed on July 10, 2008 (Dkt. No. 146).

**INTRODUCTION**

Plaintiffs' Motion to Substitute Successors should be denied because they fail to show any cause why they could not have filed their motion within the time limits established by RCFC 25. As Defendant sets out in its Motion to Dismiss Donald W. Goodman, Mr. Goodman died on June 4, 2005. Plaintiffs, however, did not so inform the Court rather, upon learning of Mr. Goodman's death, Defendant filed a Suggestion of Death on November 20, 2007 (Dkt. No. 103). Plaintiffs then had 90 days, until February 19, 2008, to substitute parties under RCFC 25(a)(1). Nevertheless, Plaintiffs did not file a motion to substitute parties until June 30, 2008, more than four months overdue, without any explanation as to why they were unable to meet the February 19, 2008, deadline. As discussed below, an extension of time may only be granted upon a

showing of excusable neglect under RCFC 6(b)(2), and Plaintiffs' failure to state in their motion any excuse for not timely filing scuttles their motion.

Additionally, Plaintiffs' motion should be denied because substituting the proposed plaintiffs would be futile. As Plaintiffs admit, the late Mr. Goodman did not own the mining claims at issue. It is axiomatic that only claimants who have an interest in the property allegedly taken at the time of the taking may receive compensation. Consequently, because Mr. Goodman did not own an interest in the mining claims, it would be a futile act to replace him with his purported heirs.

In support of their motion, Plaintiffs erroneously rely upon the affidavit of Mr. Finkelstein, the administrator of Mr. Goodman's estate (see June 30, 2008 Finkelstein Aff. at ¶ 4), to show that the proposed plaintiffs are the heirs of the late Mr. Goodman. Mr. Finkelstein's affidavit however is merely hearsay evidence regarding the contents of Mr. Goodman's will and, therefore, is inadmissible for that purpose. Without showing that Mr. Goodman's will was lost or otherwise unavailable (see Fed. R. Evid. 1004), Mr. Finkelstein's affidavit as to the contents of the will does not support their contention that the proposed plaintiffs are in fact the heirs of Mr. Goodman. Absent a showing that the proposed plaintiffs are the heirs of Mr. Goodman, the Court should reject Plaintiffs' late-filed motion to substitute parties.

Finally, granting Plaintiffs' motion after the close of discovery would be prejudicial to the United States. Mr. Goodman died on June 4, 2005, nearly two years before the stay in this action was lifted on May 24, 2007 (Dkt. No. 95). Plaintiffs should have timely brought to the Court's and Defendant's attention that Mr. Goodman had died, but failed to do so. Indeed, Defendant did not learn about Mr. Goodman's death until October 2007, after the close of

written discovery (see Scheduling Order filed Sept. 6, 2007). Now, more than three years after Mr. Goodman's death, and several months after the close of fact discovery, Plaintiffs belatedly move to substitute parties. The United States now is precluded from obtaining discovery on the disposition of Mr. Goodman's estate, including the identity of his heirs, or it would incur additional costs to take discovery that it otherwise could have taken had Plaintiffs timely moved to substitute parties, if discovery is re-opened.

**ARGUMENT**

**A. Plaintiffs' Motion to Substitute Parties Should Be Denied Because They Failed to Show Good Cause Why They Could Not Have Timely Filed Their Motion.**

The Court must deny Plaintiffs' motion because they fail to show good cause why they could not have timely filed it. After Defendant filed a Suggestion of Death on November 20, 2007 (Dkt. No. 103), Plaintiffs had 90 days, or until February 19, 2008, to substitute parties under RCFC 25(a)(1). Nevertheless, Plaintiffs did not file a motion to substitute parties until June 30, 2008, more than four months late, without any explanation as to why they were unable to meet the February 19, 2008, deadline. Under RCFC 6(b)(2), after the expiration of a deadline, the Court may, "for cause shown," extend the time period for filing, " . . . where the failure to act was the result of excusable neglect. . . ." Because Plaintiffs fail to show cause in their motion that their inability to timely act was the result of excusable neglect, the Court must deny their motion.

In Morowitz v. United States, Plaintiffs sought leave to file a motion for judgment on the pleadings six months and eight days after the due date for dispositive motions. See Morowitz v. United States, 11 Cl. Ct. 526, 528 (Jan. 21, 1987). The Morowitz Court found that, under RUSCC 6(b)(2) (which is identical to RCFC 6(b)(2)), "the burden is on the movant to establish

that the delay or 'the failure to act was the result of excusable neglect.' Id. at 529 (quoting RUSCC 6(b)(2)). Thus, "in the absence of any showing of 'excusable neglect,' . . . relief cannot be granted." Id. (citing McLaughlin v. City of LaGrange, 662 F.2d 1385 (11th Cir. 1981) (emphasis as in original). The "threshold issue . . . therefore, is what are the facts proffered by plaintiffs, in their motion for enlargement of time, which show that the . . . delay in attempting to file a . . . motion is the result of 'excusable neglect.'" Id. (emphasis added). Because the plaintiffs in Morowitz "completely ignored this burden in that they proffered not one scintilla of evidence purporting to establish 'excusable neglect' for their failure to timely file said motion," the court held that it was "clear beyond cavil that plaintiffs' motion must be denied." Id. See also Lujan v. National Wildlife Federation, 497 U.S. 871, 894-898 (1990) (District Court properly rejected late-filed affidavits in the absence of a motion showing excusable neglect under Fed. R. Civ. P. 6(b)); IPXL Holdings, LLC v. Amazon.com, Inc., 430 F.3d 1377, 1384-86 (Fed. Cir. 2005) (reversible error to grant a 3-day extension of time where defendant failed to move under Rule 6(b)(2) for an enlargement of time based upon excusable neglect).

In their motion to substitute parties, Plaintiffs acknowledge that their motion is untimely under Rule 25, and seek leave to file their motion out of time. See Plaintiffs' Motion to Substitute Successors at 1, 4. Yet, like the plaintiffs in Morowitz, the Plaintiffs here fail to proffer "one scintilla of evidence purporting to establish 'excusable neglect' for their failure to timely file [their] motion." Morowitz, 11 Cl. Ct. at 529 (emphasis as in original).[1/] Accordingly,

---

[1/] Plaintiffs must have shown good cause as to why they were unable to timely file their motion due to excusable neglect in their motion papers. It would be patently unfair to Defendant if Plaintiffs first attempt to show cause in any reply, because Defendant would not have an opportunity to respond.

Plaintiffs' Motion to Substitute Successors must be denied.

**B. Plaintiffs' Motion Should Be Denied Because It Would Be Futile To Substitute Plaintiff Donald W. Goodman with His Successors.**

Plaintiffs' motion to substitute Donald W. Goodman with his successors should be denied because it would be futile to substitute parties for Mr. Goodman as he did not have a property interest in the mining claims at issue. "It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation." Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001) (citing, inter alia, Almota Farmers Elevator & Warehouse Co. v. United States, 409 U.S. 470, 473-74 (1973)). Plaintiffs admit in their motion that " . . . the record reflects that Mr. Goodman did not, in his individual capacity, take title to any significant fraction of the mining claims or other property involved in the case[,] [although] [h]is . . . company Energel did take title . . . and took conveyance to other interests, but Mr. Goodman individually did not." Plaintiffs' Motion to Substitute Successors at 4 (emphasis added). Accordingly, because Mr. Goodman did not take title to the mining claims or other property at issue in this case, it would be futile to substitute with his successors. The Court therefore should deny Plaintiffs' motion to substitute parties, because it would be futile to grant it. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 794-95 (D.C. Cir. 1983) (affirming denial of joinder of a party where it would be futile to do so) (citing, inter alia, Foman v. Davis, 371 U.S. 178, 182 (1962)).

**C. Plaintiffs Erroneously Rely Upon the Finkelstein Affidavit to Show the Contents of Mr. Goodman's Will.**

Plaintiffs rely upon the affidavit of Mr. Finkelstein to show that "the late Mr. Goodman's will divided his estate in one-third shares, one third for each of his three surviving children . . .

Ms. Kim Beebe of Port Jervis, New York, Mr. Donald C. Goodman of North Plainfield, New Jersey, and Ms. Jodie Stevenson of Craftsbury, Vermont." Plaintiffs' Motion to Substitute Successors at 2 (citing Mr. Finkelstein's Second Affidavit). Plaintiffs make clear that they are asking this Court to accept as true their right to succeed to the deceased Mr. Goodman's interests in this case, stating, "[b]y this Motion [the proposed substitute plaintiffs] seek to succeed, in these one-third shares, to their late father's position and interest in this case." Id. Plaintiffs, however, fail to submit the best evidence of Mr. Goodman's intentions – the will itself – and instead rely upon the affidavit of Mr. Finkelstein to establish that the proposed substitute plaintiffs are the successors to Mr. Goodman's interests. Absent a showing that the will is unavailable through no fault of their own, Mr. Finkelstein's affidavit is inadmissible to show the contents of the will, and does not support their motion to substitute with the purported heirs to Mr. Goodman.

> It is well settled, under the best evidence rule, that in proving the contents of a document, the document itself must be produced unless it is shown to be unavailable through no fault of the proponent. If it is satisfactorily shown to be unavailable, secondary evidence as to its contents may be received.

Bendix Corp. v. United States, 600 F.2d 1364, 1371-72 (Ct. Cl. 1979) (citing C. McCormick, Evidence, § 201 (Hornbook 3d. 1954); Fed. R. Evid. 1004); see also Fed. R. Evid. 1002.

Because Plaintiffs fail to show that Mr. Goodman's will is unavailable through no fault of their own, they cannot rely upon Mr. Finkelstein's affidavit – which is secondary evidence – to prove the contents of Mr. Goodman's will. Plaintiffs' motion to substitute Mr. Goodman with his purported heirs without any admissible evidentiary support, therefore, should be denied.

**D. The United States Would Be Prejudiced if Plaintiffs' Motion Is Granted.**

Granting Plaintiffs' motion after the close of discovery would be prejudicial to the United States. Mr. Goodman died on June 4, 2005, nearly two years before the stay in this action was lifted on May 24, 2007 (Dkt. No. 95). Plaintiffs should have timely brought to the Court's and Defendant's attention that Mr. Goodman had died, but failed to do so. Indeed, Defendant did not learn about Mr. Goodman's death until October 2007, after the close of written discovery (see Scheduling Order filed Sept. 6, 2007). See Oct. 31, 2007 Aloisi Tr. at 5:10-6:1 (attached hereto as Ex. A). The United States otherwise could have sought written discovery on the disposition of Mr. Goodman's estate, including the identity of his heirs. Plaintiffs' late-filed motion, however, precludes that discovery, or will require the United States to incur additional costs in obtaining that discovery if permitted by the Court. Contrary to the Plaintiffs' assertions, the United States would suffer prejudice if their motion were granted.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' untimely Motion to Substitute Successors should be denied, and Defendant's Motion to Dismiss Donald W. Goodman should be granted.

Dated: July 18, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Bruce K. Trauben
BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663

Washington, D.C. 20044-0663
(202) 305-0238 Phone
(202) 305-0506 Fax

WILLIAM J. SHAPIRO
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
501 I Street
Sacramento, CA 95814
(916) 930-2207

OF COUNSEL:
Rose Miksovsky, Esq.
Office of General Counsel
U.S. Department of Agriculture
33 New Montgomery St., 17th Fl.
San Francisco, CA 94105-3170
(415) 744-3158