# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ALFRED ALOISI, et al., )
)
Plaintiffs, )
)
vs. ) No. 95-650L
)
UNITED STATES OF AMERICA, )
)
Defendants. )
)

DEPOSITION OF ALFRED ALOISI

Wednesday, October 31, 2007
9:20 a.m.

Reported By: CRAIG W. WOOD, RPR, CSR No. 9789

APPEARANCES

For the Plaintiffs:
FOLEY & LARDNER
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, DC 20007-5101
(202) 295-4017
BY: LAWRENCE G. McBRIDE

For the Defendant:
DEPARTMENT OF JUSTICE
Environmental & Natural Resources Division
601 D Street, N.W.
Washington, DC 20004
(202) 305-0238
BY: BRUCE K. Trauben

Also Present: Thomas Ferrero
Hilton Cass

---oOo---



INDEX


| EXAMINATION BY: | Page |
|---|---|
| Mr. Trauben | 4 |


EXHIBITS

FOR THE DEFENDANT'S:


| | | |
|---|---|---|
| 1 | Quitclaim Deed | 29 |
| 2 | Tax Assessor Cards | 47 |
| 3 | Document | 129 |
| 4 | Letter | 131 |


---oOo---



BE IT REMEMBERED that on Wednesday, October 31, 2007, commencing at the hour of 9:20 a.m., of said day, at the offices of Klamath National Forest, 1312 Fairlane Road, Yreka, California, before me, Craig W. Wood, a Certified Shorthand Reporter in and for the State of California, there personally appeared

ALFRED L. ALOISI,

who, being first duly sworn by me to tell the truth, was examined and testified as follows:

---oOo---

EXAMINATION

BY MR. TRAUBEN:

Q. Will you please state your name for the record.
A. Alfred L. Aloisi.
Q. And you go by Fred?
A. Yes, I do.
Q. As you know, my name is Bruce Trauben. I represent the United States, the defendant in this action.
A. Yes, Bruce, I've made your acquaintance.
Q. I'll have some questions for you today. And just as an overview of what we're going to do today, I'm going to ask you some general questions about the -- who the plaintiffs are and the status of the plaintiffs.



We'll go into the property interest of the plaintiffs. The knowledge of the owl. We'll talk about the various components that go into a takings case. So just to give you an overview of what we'll be discussing.
A. Thank you.
Q. And, also, we'll get into your prior deposition. I have some follow-up questions and some discovery responses.
A. Very well.
Q. I understand from discussions with your attorney, Mr. McBride, that Mr. Goodman has passed away.
A. Yes, he has.
Q. And do you know when?
A. Approximately three, four years ago. And I'm not certain of the exact date.
Q. When did you learn of his passing?
A. I would say three years ago.
Q. Do you know, was it sudden, his death?
A. No. It was -- I believe his health deteriorated over a considerable period of time. Don was diabetic and he had other problems, as well.
Q. Do you know whether his estate is still in probate?
A. I do not know.
Q. Do you know who is representing his estate?

A. I do not.
Q. Do you know where Mr. Kendle is located?
A. I don't know for certain. Although, I had someone tell me that they thought he might be in Portland.
Q. What was the last time you spoke to Mr. Kendle.
A. 1991. May the 5th.
Q. Does Mr. Kendle know that he's a plaintiff in this action?
A. I'm not certain.
Q. Did you send him a copy of the complaint?
A. No, I did not.
Q. Do you know whether anyone else sent him a copy of the complaint?
A. I have no knowledge of that.
Q. Just to clarify my last question. Do you know whether he saw a draft of the complaint before it was filed?
A. I don't believe so. I last saw him in '91 and the complaint was filed in '95.
Q. Do you know the status of Dynatech today?
A. Dynatech and Capricorn are both in bankruptcy.
Q. Is Capricorn a plaintiff?
A. I don't know if Capricorn is listed. I don't believe so. Perhaps it was. Dynatech, Capricorn, yes.



It would be on the complaint, if I'm not mistaken. It would answer the question. Or take the uncertainty out of it.
Q. Here's a copy of the complaint. Before we get into this, is Capricorn a separate entity from Dynatech?
A. Yes. To my knowledge, it is.
Q. Now, after reviewing the caption of the complaint in this action, does that refresh your recollection whether Capricorn is a plaintiff?
A. They're not listed here.
Q. So, to your knowledge, Dynatech has not emerged from bankruptcy?
A. I have no knowledge of that. Probably have to speak with Mr. Goodman's accountant, Myron Finkelstein.
Q. Do you know whether Mr. Finkelstein is still alive?
A. I don't know that answer.
Q. Do you know where Mr. Finkelstein lives or works?
A. I know where he used to live. I don't know where he lives now unless it's in the same place. He was in New Jersey.
Q. Do you know in what city in New Jersey he maintained his office?
A. No. I want to -- I'm thinking -- Manasquan



comes to mind, but I'm not sure of that.
Q. Have you ever had any contact with Mr. Finkelstein?
A. No. Let me just say no with reservation. Not that I can recall.
Q. What is the status of Energel?
A. I am not certain.
Q. And Liberty Mines, what's the status of Liberty Mines?
A. It is dormant.
Q. What does that mean that it's dormant?
A. Inactive. Has been for many, many years.
Q. It's not been dissolved?
A. Not to my knowledge, no.
Q. To your knowledge, it could be revived, if you so chose?
A. I imagine with an influx of some capital it may be.
Q. And I said this from the beginning, but you're here today as the designee of Liberty Mining. Is that correct?
A. I was one of the principals. Yes, that would be correct.
Q. As one of the other -- are there any other principals of Liberty Mining today?



A. Alive?
Q. Alive.
A. Not to my knowledge.
Q. And Candis Aloisi, where is she today?
A. 1412 Iron Street, Truth or Consequences, New Mexico.
Q. When was the last time you spoke with her?
A. Several years ago.
Q. Does she know she's a plaintiff in this action?
A. She does.
Q. Has she seen a copy of the complaint?
A. She has.
Q. You provided a copy to her?
A. She helped write it.
Q. Does she know that the defendant has requested her deposition in this action, to your knowledge?
A. Not to my knowledge. You might ask the defendant that question. I mean, I thought there was a subpoena for her.
Q. No. That's okay. I can talk to your counsel later.
A. Okay.
Q. I'm going to do my best not to repeat questions that were asked of you in the first deposition. There will be some overlapping.