IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALFRED ALOISI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 95-650L |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Lawrence S. Margolis |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO SUBSTITUTE SUCCESSORS OF PLAINTIFF DONALD W. GOODMAN**

Plaintiffs respectfully submit the following reply points in support of their Motion to Substitute Successors for the late plaintiff Donald W. Goodman.

1. Defendant argues that the timing of Plaintiffs' Motion is prejudicial to Defendant because it was filed after the close of discovery. As the Court is aware from the parties' scheduling and summary judgment filings, the briefing of summary judgment occurred without the completion of the last several steps in the parties' discovery, and with the scheduled opportunity for the parties to file supplemental briefing to address any issues or evidence from that late discovery that might bear on the parties' summary judgment positions.

It was in this agreed process that Defendant re-noticed its depositions of Myron Finkelstein, on behalf of Energel, Inc., and of Donald C. Goodman, on behalf of Dynatech Corp. in March and they were deposed on April 24, 2008, well after the "close of discovery" on which Defendant's brief relies. At these depositions, Plaintiffs did not object to Defendant's pursuing any relevant examination of Messrs. Finkelstein and Goodman, and Defendant did not limit its examination of them to matters strictly pertaining to their designation as Rule 30(b)(6)

designated witnesses on behalf of those two parties. The facts set out in Mr. Finkelstein's second affidavit (Plaintiffs' Motion Exhibit A, Docket No. 142-2), to which Defendant objects here, simply expand on information offered by Mr. Finkelstein during his April deposition in describing the length and intimacy of his working relationship to the late Mr. Goodman, after the subject had been raised by Defendant's questioning of Donald C. Goodman in the deposition preceding Mr. Finkelstein's. See Exhibit A (Transcript of Deposition of Myron Finkelstein, pp. 9:11-10:14) and Exhibit B (Transcript of Deposition of Donald C. Goodman, pp. 24:8-26:16). Defendant had the opportunity and did explore this information in those depositions.

2. Defendant argues that Plaintiffs' Motion is futile because the record does not establish that the late Mr. Goodman was a record title owner of the mining property involved in the litigation. Defendant's "futility" objection carries no dispositive weight with respect to Plaintiffs' Motion. As Plaintiff Aloisi described in his first Affidavit (filed in support of Plaintiffs' Motion for Summary Judgment, Dkt No. 118-2, pp. 6-7, Plaintiffs' Exhibit 1, ¶s 13-17), he and the late Mr. Goodman agreed that Mr. Aloisi would contribute the property Aloisi leased (and had the right to purchase under his several agreements with Patterson and Mara Ventures – Pincombe), and Mr. Goodman would contribute capital and equipment, to their mining venture. Liberty Mining, Inc., was formed for this purpose, to implement their 50-50 ownership agreement to govern the resulting enterprise – the combination of Aloisi's properties and Goodman's capital and equipment. See JA-19.

Plaintiffs argue the summary judgment briefing and record establishes here that Defendant actionably interfered with the development and operation of the mining operation Messrs. Aloisi and Goodman had agreed to undertake, through the medium of 50-50 ownership of Liberty Mining, Inc. Defendant's interference with Aloisi and Goodman's reasonable plans to

mine resulted in their failure to implement the intended transfer of title to the mining properties to Liberty Mining, Inc. or another entity of which Goodman owned all or part. This eventuality does not negate the late Mr. Goodman's investment in the mine, the reality of his interest in the venture and its progress and success, and the loss to him and the businesses he owned and controlled caused by the Forest Service's actions at issue in the summary judgment briefing. See, e.g.: the first Aloisi Affidavit, Dkt. No. 118-2 p. 7, PE-1 ¶ 17; JA-98 (equipment at mine financed by Dynatech Corp.) and PE-20 (Dkt. No. 118-21, equipment at mine); JA-177 and JA-185 (Goodman as co-lessor of the mining property to Liberty Consolidated Mining, Inc.); and the deposition testimony of Donald C. Goodman, Exhibit B, pp. 29:4-11, and pp. 34:20-41:22).

Should Plaintiffs prevail either on their summary judgment motion or through subsequent proceedings before this Court, the question of the exact nature and extent of the ownership of the unpatented mining claims and the two private (patented) parcels among and between the Plaintiffs may be relevant to the award and disposition of any recovery in this case, but it is not a reason to deny the successors to Plaintiff Goodman the opportunity to succeed to their late father's interest in the mining venture under the agreements and property positions then operative, and to their late father's interest in this case.

3. Defendant argues that Plaintiffs' Motion is "scuttle[d]" by their failure to submit excuses for not filing the instant motion within the Rule 25 period after Defendant's Notice. Plaintiffs' Motion conceded the "neglect" of failing to file with the Rule 25 period; that was inherent in Plaintiffs' Motion for Leave to File out of time. Likewise, Plaintiffs' Motion contains the reasons why the Court may excuse this failure to file then, consistent with Rule 6(b), and grant the Motion for Leave now: Plaintiffs were consumed with the substantial effort of completing the record and briefing summary judgment; and Defendant is not prejudiced by

favorable action on this Motion now, just as Defendant would not have been prejudiced by favorable action on the Motion had Plaintiffs filed it in mid-February, in the middle of the period between the filing of the parties' motions and opening briefs (on February 6) and the filing of their oppositions (on March 5), within the time prescribed by the Rule.

Defendant suggests that it was prejudiced by its inability to depose Mr. Goodman before he died. Plaintiffs suggest in response that they were significantly more and directly prejudiced by his death without the preservation of his testimony. Whichever of the parties was more affected by his death, and how – those circumstances and Defendant's arguments do not provide the basis for the Court to grant Defendant's Motion. Rather, Plaintiffs submit that Mr. Goodman's heirs should be allowed the opportunity to succeed to his interests in this case (the precise nature of which are not at issue on these pending motions), and to see their late father's interests in the Plaintiffs' claim in this case either vindicated or rejected on its merits by this Court.

Dated: July 29, 2008

Respectfully submitted,

s/ Lawrence G. McBride

Lawrence G. McBride
FOLEY & LARDNER LLP
3000 K St., N. W., Suite 500
Washington, D.C. 20007-5143
Telephone: (202) 672-5300
Facsimile: (202) 672-5399

Attorney for Plaintiffs